## JORDAN *vs*. OWENS.

1. A possessory warrant may be had in any county where the property to be recovered is found. It is not such a civil case as must be brought in the county of the residence of the defendant.
2. We cannot say that the judge erred in refusing a *certiorari* in this case.

*Certiorari.* Possessory Warrant. Jurisdiction. Before Judge CRISP. Lee Superior Court. March Term, 1881.

The plaintiff in error, as petitioner for *certiorari*, set forth the following facts: that Owens sued out a possessory warrant before the county judge of Lee county for the recovery of a mule. Upon the trial defendant (Jordan) appeared by counsel, and filed the following defenses:

(1.) That at the institution of said suit he was not a resident and citizen of the county of Lee, but was then and had been for a long time a citizen and resident of the county of Dougherty; that on the day he was served with said suit he was arrested by a criminal warrant issued from the county of Lee, by the sheriff of Lee county, in the county of Dougherty, and was discharged from said criminal warrant, and thereupon he and said mule were arrested by the sheriff of Lee county under this possessory warrant, and that this court had no jurisdiction to try this case in Lee county.

(2.) That since the institution of this suit, the plaintiff, John Owens, had conveyed to defendant, Jordan, all his right, title and interest to said mule, which release was set forth as a part of said plea.

The facts stated in the plea to the jurisdiction as to the residence of Jordan, were admitted; but it appeared that the mule was taken out of the possession of the plaintiff by Jordan in the county of Lee, a short time before the institution of said suit.

As to the other plea of release, the facts as set forth

were admitted, but the plaintiff, Owens, testified that he could not read, and did not know the contents of the paper, and that he signed it to keep him out of jail, as he was under arrest.

The defendant by his, counsel moved to dismiss said possessory warrant upon both grounds taken. The county judge refused said motion, holding first, that as the property was taken in Lee county, the court of Lee county had jurisdiction of the case; second, that the release was not good because a case could not thus be settled after suing out the warrant, and because the plaintiff testified he did not understand it when it was executed. He awarded the possession of the property to the plaintiff.

Upon hearing the application for *certiorari* on the above stated facts, the judge refused to grant the *certiorari*, and the applicant excepted.

VASON & ALFRIEND, by brief for plaintiff in error.

FRED H. WEST, by W. A. HAWKINS, for defendant.

JACKSON, Chief Justice.

1. In this case the error is assigned that the judge should have granted the writ of *certiorari*. The petition therefore is based on two grounds. The first is that an application for a possessory warrant is a suit, and can be brought only in the county of defendant's residence.

Such ruling would destroy the entire policy of the act, and annihilate almost all its usefulness by confining its operation to a single county. It would be in the teeth of the act itself. Code, §4032 *et seq.* We cannot think that it conflicts with the constitutional provision that " all other civil cases shall be tried in the county where the defendant resides." Sup. to Code, §651. The same provision is in the constitution of 1868 and preceding constitutions, yet wherever the defendant was caught in possession of another's personal chattels, under the provisions of

this old act, codified in section 4032, there the right of possession has been tried, no matter where he lived. It is not a civil case in the meaning of this clause of the constitution, but a mere summary mode of transferring possession to await the main trial of the case. Code, §4035.

2. The other ground is that the party had been released. But the release was under duress and fraud,and this ground seems to have been virtually abandoned. At all events we cannot say that the judge of the superior court erred in refusing to open for further discussion the judgment on that release by the lower court.

Judgment affirmed.