## GRISWOLD v. RUTHERFORD.

A judge of a county court has no authority under the law to administer the oath necessary for a warrant to issue against a tenant at sufferance, nor to issue such warrant.

Argued November 10,—Decided December 2, 1899.

Dispossessory warrant. Before Judge Smith. Pulaski superior court. August term, 1899.

*J. H. Martin*, for plaintiff.

*W. L. & Warren Grice* and *George Bright*, for defendant.

LITTLE, J. Aaron Griswold appeared before L. C. Ryan, judge of the county court of Pulaski county, and made an affidavit authorized by section 4813 of the Civil Code, for the removal of Fannie Rutherford from certain land as a tenant at sufferance. Under this affidavit the warrant provided for in section 4814 of the Civil Code was issued by said judge of the county court. The proceedings were arrested as provided for in section 4815 of the Civil Code, and an issue formed. On the call of the case in the superior court, the defendant made a motion to dismiss the case on the ground that only a judge of the superior court or a justice of the peace could under the law administer the oath and issue the warrant. The court sustained this motion and dismissed the case, and to his judgment in so doing the plaintiff in said proceedings excepted. The only question to be considered is, whether the judge of the county court had jurisdiction to administer the affidavit and issue the warrant. Section 4813 of the code provides, that the owner of the land, or his agent or attorney, may go before the judge of the superior court, or any justice of the peace, and make oath to the fact; and section 4814 of the same code provides, that when such affidavit shall have been made, the officer before whom it was made shall issue the warrant. When the execution of the warrant is arrested by the counter-affidavit as provided in section 4815 of the Civil Code, the proceedings must be returned to the superior court of the county where the land lies. Civil Code, § 4816.

It will thus be seen that the statute only gives jurisdiction

to the judge of the superior court, or a justice of the peace, to administer the oath prescribed and issue the warrant. The validity of these proceedings rests alone on the statute, and a well-recognized rule is, that such proceedings can have no effect unless the statute is strictly pursued; and unless jurisdiction to administer the oath and issue the warrant is by some other law given to the judge of the county court, the process issued by that officer is void. By section 4208 of the Civil Code, jurisdiction is given to the county judge to hear and determine all applications for the eviction of intruders, tenants holding over, to issue and dispose of distress warrants, etc. It is clear that this language does not give the jurisdiction in question to the judge of the county court. By section 4 of the act of 1875, amending the Code of 1873, so far as it relates to the county court of Pulaski county (Acts 1875, p. 64), it is provided that the county judge shall have jurisdiction to hear and determine, according to law, all matters and issues arising out of the relation of master and servant, landlord and tenant, for the eviction of trespassers, intruders, and tenants holding over, etc. If it be claimed that the language of this act confers jurisdiction on the county judge to administer the oath and issue the warrant against a tenant holding over, it will be found, by reference to section 4213 of the Civil Code, that it has been repealed, as none of these provisions are embraced in the act of 1879. See Acts of 1878–9, p. 132. Inasmuch, then, as the proceedings authorized are entirely statutory, and the statute only authorizes a judge of the superior court or a justice of the peace to administer the oath and issue the warrant, it must be held that a judge of a county court can not lawfully do either; and the judgment of the court below is

*Affirmed.*      *All the Justices concurring.*