### 16828. BROADWELL *v.* MAXWELL.

STEPHENS, J. 1. It being absolutely essential to the establishment of the defendant's contention that he was not a tenant, but was in possession of the property as a debtor, with the right to redeem, that he establish as a fact an alleged parol agreement entered into between him and one Smith, his former creditor, on November 7, 1916, when the property was sold by the sheriff under foreclosure proceedings and bought in by Smith, by the terms of which agreement the defendant, who had been in possession of the property, was given the right to redeem the property by paying the indebtedness thereon, it was prejudicial error, requiring a new trial, for the judge to charge as follows: "This contract of November 21, 1916, purporting to create the relation of landlord and tenant between Smith and Broadwell, should be construed according to its own specific provisions, unless you find that Broadwell has by evidence clearly, definitely, and unequivocally shown a contract of the nature set up by him in his pleadings as having been made at the time of the sheriff's sale." The court, in instructing the jury that it was incumbent upon the defendant, "by evidence, clearly, definitely, and unequivocally," to establish the alleged parol agreement, placed a greater burden upon the defendant than the law requires.

2. Since it is a vital issue as to whether the defendant is a tenant or one in possession with the right to redeem upon the payment of a debt, a statement to the effect that the defendant "seems very anxious to repurchase" the premises in question, contained in a letter written to the plaintiff by one who claimed to have written the letter at the defendant's request, on February 2, 1918, in so far as it tended to establish an admission by the defendant that, by desiring to "repurchase" the prop-

49

erty, he was a tenant, was hearsay and prejudicial, and improperly admitted in evidence.

3. It was not error for the trial judge to refuse to read, in the charge to the jury, extracts from the opinion rendered by this court upon a previous consideration of this case.

4. Since, under the statutory proceedings to evict a tenant holding over, the plaintiff can, in addition to ejecting the defendant, recover a money judgment only for double rent for the premises, it was error to allow an amendment which sought to recover for taxes and insurance upon the property paid by the plaintiff.

5. As set out in ground 11 of the motion for a new trial, the charge of the court inaccurately stated the defendant's contention in his pleadings.

6. The law of this case having been fully laid down in *Broadwell* v. *Maxwell*, 30 *Ga. App.* 738 (119 S. E. 344), upon review of a former trial of this case, it is unnecessary to pass upon any of the other assignments of error.     *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 23, 1926.

Eviction; from Cobb superior court—Judge Tarver presiding. September 5, 1925.

Application for certiorari was made to the Supreme Court.

This was a statutory proceeding under section 5389 of the Civil Code (1910) by Maxwell to dispossess Broadwell as a tenant holding over. Broadwell defended upon the ground that he was not a tenant, but stood in the relationship of a mortgagor in possession with the right to redeem the property on payment of the indebtedness secured by the mortgage. A verdict was found for the plaintiff. The exceptions are to the overruling of the defendant's motion for a new trial and to the overruling of his demurrer to the amendment referred to in paragraph 4 of the foregoing decision.

*George F. Gober, H. B. Moss,* for plaintiff in error.
*Anderson & Roberts, L. M. Blair, J. Z. Foster,* contra.