25140. OVERSTREET *v.* DEES.

Decided February 25, 1936.

*H. H. Elders,* for plaintiff in error.

Sutton, J. Overstreet, the landlord, obtained from a justice of the peace in Tattnall County a possessory warrant against Dees, his cropper, and the crops raised by him on a certain farm of the landlord in that county, for the year 1934. The warrant was directed to "any lawful officer to execute and return." After the issuance of the warrant Dees removed the crops (seed-cotton), to Evans County. The sheriff of Tattnall County delivered the possessory warrant to the sheriff of Evans County, who seized the cotton and stored it in a warehouse in Evans County, made an entry of his execution on the warrant, and returned it to the justice of the peace in Tattnall County who had issued the warrant. On the hearing before that officer, on motion of the defendant, the proceedings were dismissed on the ground "that the possessory war-

rant was issued in Tattnall County, Georgia, by a justice of the peace of Tattnall County, Georgia, and the sheriff of Evans County, Georgia, was without legal authority to execute said warrant, and that said warrant was null and void unless the property described therein could be seized in Tattnall County, where the warrant was issued." The plaintiff filed his petition for certiorari to the superior court of Tattnall County, where, upon a hearing, the writ was overruled and the plaintiff excepted.

The proceeding by possessory warrant is a summary remedy, in derogation of the common law, and quasi criminal in its nature; and the provisions of the statutes authorizing it are to be strictly construed and followed. Code of 1933, §§ 61-501, 61-503, 82-101 et seq.; *Trotti* v. *Wyly,* 77 *Ga.* 684. It is provided in the statutes that the affidavit for the warrant be taken out before "any judge of the superior court, judge of the county court, or justice of the peace of the county in which the property in controversy may be," and thereupon the warrant for the seizure of the property and apprehension of the defendant "shall be directed to the sheriff, his deputy, or any lawful constable of the county aforesaid" (§ 82-101), and such officer "shall forthwith proceed to apprehend and arrest the body of the defendant, . . and also to seize the property described in the warrant, if the same are to be found in his county, and carry the said defendant and said property, together with the warrant, before the judge or justice issuing the same or before any other judge or justice of said county." § 82-102.

"A possessory warrant may be had in any county where the property to be recovered is found. It is not such a civil case as must be brought in the county of the residence of the defendant." *Jordan* v. *Owens,* 67 *Ga.* 616; *Claton* v. *Ganey,* 63 *Ga.* 332, 334. In the *Jordan* case, (as appears from an examination of the record of file in the office of the clerk of the Supreme Court) the defendant was arrested in Dougherty County on a criminal warrant, and he and the mule, the property sought by the possessory warrant, were taken under the criminal warrant to Lee County, and while he and the mule were in Lee County the possessory warrant issued and was executed in that county. The defendant interposed the defense that he was a resident of Dougherty County, and that the possessory-warrant proceeding should have been instituted there. The Supreme Court affirmed the judgment striking that

plea and awarding possession of the mule to the plaintiff. So it will be be seen that the *Jordan* case is not authority for the contention of the plaintiff in this case that the warrant could be issued in Tattnall County and executed by the sheriff of Evans County on the property for which the warrant was taken out and which was located in Evans County, and that, after the warrant was returned to the officer who issued it in Tattnall County, the right to the property could be there tried by such officer.

Applying the above principles of law, the justice of the peace properly dismissed the possessory-warrant proceeding, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*