## 25476. COURSON v. LAND.

DECIDED NOVEMBER 17, 1936.

*William B. Kent,* for plaintiff in error.
*Newton Gaskins,* contra.

MACINTYRE, J. ■ "Whenever the relation of landlord and cropper shall exist, the title to and right to control and possess the crops grown and raised upon the lands of the landlord by the cropper shall be vested in the landlord until he shall have received

his part of the crops so raised and shall have been fully paid for all advances made to the cropper in the year said crops were raised to aid in making said crops." Code, § 61-502. Where this relation exists, the title to and right to control all crops grown on the lands of the landlord remain in him until there has been an actual division and settlement whereby the landlord receives his full share of the produce. *Smart* v. *Hill*, 29 *Ga. App.* 400 (116 S. E. 66); *Goodson* v. *Watson*, 125 *Ga.* 413 (54 S. E. 84). In all cases where the cropper seeks to exclude the landlord from the possession of the crops, while the title to the same remains in the landlord, the landlord may repossess the same by possessory warrant. Code, § 61-503; *Smith* v. *Brinson*, 21 *Ga. App.* 169 (94 S. E. 59); *Peacock* v. *American Plant Co.*, 49 *Ga. App.* 267 (2) (175 S. E. 262).

◼ The contention of the defendant that a possessory warrant will not lie in favor of a landlord against his cropper for the possession of growing or unmatured crops, whether well taken or not, is not supported by the facts of this case. On this subject see *Gainous* v. *Martin*, 10 *Ga. App.* 210 (72 S. E. 1100); Ga. L. 1922, p. 114; Code, §§ 39-119, 85-1901, 85-1903. The answer of the magistrate, which was not excepted to or traversed, and is therefore conclusive upon the parties as to the allegations thereof (*Davis* v. *Rhodes*, 112 *Ga.* 106, 37 S. E. 169; *Central of Ga. Ry. Co.* v. *Potter*, 120 *Ga.* 343, 47 S. E. 924), shows that the crops involved in this possessory-warrant proceeding were matured and ready for harvest, and the evidence for the plaintiff was that the defendant excluded the plaintiff, his landlord, from the possession thereof, and would not gather or allow the landlord to gather said crops, and the same were ruining in the field. It is therefore conclusive that the crops in this case were mature.

◼ The trial of a possessory-warrant proceeding before a justice of the peace need not be on a regular trial or court day or term of the justice of the peace; but the Code specifically provides that the magistrate before whom the warrant is returned "shall, if the parties are ready, proceed with the hearing forthwith," and if either party is not ready he shall allow such party a reasonable opportunity to get ready, "and at the same time insure a trial with as little delay as possible." The hearing of the possessory-warrant proceeding in this case was not void because not heard at a regu-

lar term or court day of the justice of the peace before whom the warrant was returned. Code, § 82-201.

■ "The justice's court shall be held at a place in each militia district as nearly central as convenience will admit." Code, § 24-903. It is the duty of the justices of the peace "to select some central and convenient place in their respective districts at which to hold their courts, of which they shall give ample public notice, and also to keep their offices within said districts." § 24-601(1). "All judgments of such justices rendered in any civil cause, anywhere else than at the place for holding their courts lawfully appointed are void." § 24-908. However, the defendant's contention that the justice of the peace in this case did not have a right to hear this possessory-warrant proceeding at a place other than his regular place in the district of holding court, regardless of whether section 24-908 refers to this sort of proceeding, a summary quasi-criminal proceeding strictly of statutory origin (*Overstreet* v. *Dees,* 52 *Ga. App.* 689, 184 S. E. 368), is not a proper assignment of error in a petition for certiorari to the judgment of the justice of the peace awarding to the plaintiff the possession of the property involved. A judgment of the justice of the peace, void because rendered at some place other than the regular place of holding the court, may be attacked by affidavit of illegality in a proper case, but a writ of certiorari will not lie to such a judgment. *Mills* v. *Anderson,* 20 *Ga. App.* 806, 808 (93 S. E. 535); *Gravitt* v. *Mullins,* 28 *Ga. App.* 806 (113 S. E. 61). A writ of certiorari does not lie to correct a void judgment. *Brown* v. *Valdosta,* 48 *Ga. App.* 125 (172 S. E. 72).

■ The evidence adduced before the justice of the peace, on the hearing of the possessory warrant issued in this case, made a prima facie case for the plaintiff, and authorized a judgment awarding the property to the plaintiff.

■ Applying the above rulings, the judge of the superior court did not err in dismissing the certiorari, the petition for which complained of the judgment of the justice of the peace awarding the possession of the property to the plaintiff.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*