27339.   FRAZIER *v.* BEASLEY *et al.*

DECIDED FEBRUARY 22, 1939.

*R. J. Bacon,* for plaintiff.

*J. D. Gardner, S. P. Cain,* for defendants.

FELTON, J.   This case was transferred to this court by the Supreme Court. *Frazier* v. *Beasley,* 186 *Ga.* 861 (199 S. E. 194). The principal issue submitted to the jury was whether the defend-

ant held over beyond a term of rental as tenant after the issuance of a dispossessory warrant. For the purposes of this decision this case will be considered as a dispossessory warrant case. Being originally an equity case, the judge submitted questions to the jury. The answers to these questions, as a matter of law, were a finding that the plaintiff was entitled to double rent even though the jury found against it. The question in the case was whether, after the defendant had rented the premises for the year 1934, he was, for the years 1935 and 1936, a tenant holding over after the issuance of the dispossessory warrant, or whether he was in possession of the lands as purchaser under a contract of sale. The jury found that the defendant was holding over as tenant, but found against double rent. Despite the verdict against double rent the trial judge entered up judgment for it. The defendant made a motion for new trial and in his amended motion assigned error on the judgment for double rent on the ground that the judgment did not follow the verdict. There was no motion to correct the judgment made at the term at which it was rendered, nor was there direct exception to it. At a subsequent term of court the judge passed an order amending his original judgment by writing off the double rent, and overruled the motion for new trial. The plaintiff excepted to the order on the new trial and the amendment of the judgment.

1. Since the jury found against the defendant on the issue raised in the dispossessory proceeding the plaintiff was entitled to double rent as a matter of law. Code, § 61-305. While the usual practice is for the judge to direct the verdict in such a case, it was not error for the court to enter the judgment for double rent. His first interpretation of the verdict was correct, and so was the first judgment putting it into effect through the judgment.

2. Every valid ground in a motion for new trial must be directed at an error which might have illegally affected the verdict. *Herz* v. *Claflin Co.,* 101 *Ga.* 615 (29 S. E. 33). Until the end of a term a judgment is in the breast of the court, and may be set aside or modified at the judge's discretion. A verdict is not in the breast of the court, nor is a judgment based on a verdict, in a case where the verdict must be set aside or modified if the judgment is set side or modified, in cases where the setting aside of the judgment, or the modification of it, is not based on defects appear-

ing on the face of the record. *Georgia Railway & Electric Co.* v. *Hamer*, 1 *Ga. App.* 673 (58 S. E. 54); *Latimer* v. *Sweat*, 125 *Ga.* 475 (2) (54 S. E. 673). The judgment for double rent was not an error appearing on the face of the record, nor was it an error (as allegedly not following the verdict), to which exception could be taken in a motion for new trial. *Robertson* v. *Aycock*, 170 *Ga.* 523 (153 S. E. 213); *McCrea* v. *Georgia Power Co.*, 179 *Ga.* 1 (174 S. E. 798). The court was therefore without jurisdiction to modify the judgment, after the term, in the absence of a motion made at the term at which the judgment was rendered. Code, § 24-2622; *Usher* v. *Harrelson*, 13 *Ga. App.* 118 (78 S. E. 852); *Van Dyke* v. *Van Dyke*, 120 *Ga.* 984 (48 S. E. 380); *Miralgia* v. *Bryson*, 152 *Ga.* 828 (2) (111 S. E. 655); *Sherman* v. *Stephens*, 30 *Ga. App.* 509, 516 (118 S. E. 567); *Hardwick* v. *Shahan*, 30 *Ga. App.* 526 (118 S. E. 575); *McCandless* v. *Conley*, 115 *Ga.* 48 (41 S. E. 256); *Gulf Life Insurance Co.* v. *Gaines*, 50 *Ga. App.* 504 (179 S. E. 199). The motion for new trial extended the jurisdiction of the court to pass on questions which were the legal subject-matter of a motion for new trial, and the court hearing such motion could either grant or deny the motion. It could do no more than that. As stated above, the ground in the motion for new trial attacking the judgment as not following the verdict did not properly raise the question of the validity and legality of the judgment. The only ways in which this alleged error could have been attacked were by direct exception, or by motion made in term to correct it, and by exception to the order refusing to do so. When a court renders a final judgment in a case, or on any phase of it, it has no jurisdiction to change it at a subsequent term unless jurisdiction is reserved at the term at which it is rendered. General jurisdiction of the case at a subsequent term does not amount to a retention of jurisdiction over final judgment as to some part of the case entered at a previous term. *McCandless* v. *Conley*, supra. The motion for new trial did not extend the jurisdiction of the court to an issue with reference to the judgment in which the verdict was not involved, and it was error for the court to amend the judgment by writing off the double rent. The judgment overruling the motion for new trial is affirmed with direction that the court amend its judgment so as to include the double rent originally covered thereby.

*Judgment affirmed, with direction. Stephens, P. J., and Sutton, J., concur.*