## WILSON *v.* HEALEY REAL ESTATE & IMPROVEMENT COMPANY.

No. 16020. November 13, 1947.

*Noah J. Stone* and *A. E. Wilson*, for plaintiff in error.

*T. M. Smith* and *MacDougald, Troutman, Sams & Branch*, contra.

ATKINSON, ·Justice. (After stating the foregoing˙facts.) ∎ The defendant in the trial court (now plaintiff in error) by his plea to the jurisdiction of the court attacked the portion of Code § 61-304, which provides that the issue formed in a dispossessory warrant shall be returned to "the county where the land lies," as being violative of article ˙6, section 14, paragraph 6, of the Constitution of this State (Code, Ann. Supp., § 2-4906), which declares that "All other civil cases shall be tried in the county where the defendant resides."

While this court has not passed upon the question of whether a dispossessory-warrant proceeding is a civil case within the meaning of the above-quoted constitutional provision, it has held that a possessory warrant is not such a civil case as must be brought in the county of the defendant's residence. *Jordan* v. *Owens*, 67 *Ga.* 616 (1). The above decision was cited and followed in *Moss* v. *Strickland,*·138 *Ga.* 539 (2) (75 S. E. 622), where a similar ruling was made in reference to a proceeding to foreclose an attorney's lien upon real property. In the *Jordan*

case it was said: "The first [ground] is that an application for a possessory warrant is a suit, and can be brought only in the county of defendant's residence. Such ruling would destroy the entire policy of the act, and annihilate almost all its usefulness by confining its operation to a single county. It would be in the teeth of the act itself. Code, § 4032 et seq. [Now § 82-101 et seq.] We cannot think that it conflicts with the constitutional provision that 'all other civil cases shall be tried in the county where the defendant resides.' Sup. to Code, § 651. [Now Code, Ann. Supp., § 2-4906.] The same provision is in the Constitution of 1868 and preceding Constitutions, yet wherever the defendant was caught in possession of another's personal chattels, under the provisions of this old act codified in section 4032 [now § 82-101], there the right of possession has been tried, no matter where he lived. It is not a civil case in the meaning of this clause of the Constitution, but a mere summary mode of transferring possession to await the main trial of the case." In the *Moss* case, supra, it was said (p. 542): "Is the statute opposed to the Constitution? It will be observed that in all the specified actions for which a venue is fixed a personal judgment may be recovered. If an action for land be instituted, there may be a recovery of mesne profits. In divorce cases alimony may be recovered. The constitutional scheme seems to be that the venue of every action not respecting title to land, wherein a personal judgment may be recovered, shall be the county of the residence of the defendant in the action, or, if there be more than one, then in the county of one of them. The general provision that all other civil cases shall be tried in the county where the defendant resides comprehends cases of like character, that is, cases in which a judgment in personam may be recovered. This construction is inevitable from the application of the rule of ejusdem generis, as well as from the clear import of the words themselves in the connection in which they are employed. None of these constitutional mandates as to the venue prevent the General Assembly from fixing the venue of a proceeding to foreclose an attorney's lien. A proceeding to foreclose an attorney's lien is not an action within the purview of these constitutional requirements. It is a proceeding to enforce a lien arising by operation of law. It is not an action in personam, because no personal

judgment is recovered. Strictly speaking, it is not an action in rem, because it does not adjudicate that the title is in the attorney's client as against persons not parties to the suit wherein the recovery is had. *Stroupper* v. *McCauley*, 45 *Ga.* 74. It may be characterized as a proceeding quasi in rem, having for its purpose the adjudication of the amount due and the existence of the lien, and that the property subject to the lien shall be sold to pay the sum alleged to be due. The judgment does not conclude a stranger as to subsequently asserting title to the property; but it binds parties and privies. *Wallace* v. *Holly*, 13 *Ga.* 393 (58 Am. D. 518)".

The subject-matter in the present suit is the same as in *Healey Real Estate &c. Co.* v. *Wilson*, 74 *Ga. App.* 63 (38 S. E. 2d, 747), where it was said: "The dispossessory-warrant proceeding was not instituted for the purpose of recovering rent from the defendant, but to recover possession of the premises from him; and the double rent sought to be recovered was not claimed by the landlord as a debt growing out of the original contractual relationship of landlord and tenant, but was claimed as incidental to the action and in the nature of a penalty to be inflicted upon the tenant for unlawfully withholding the premises from the landlord after it had demanded possession of the same. *Hamilton* v. *Mc-Croskey*, 112 *Ga.* 651 (37 S. E. 859); *Carter* v. *Sutton*, 147 *Ga.* 496 (94 S. E. 760). A dispossessory warrant is a summary statutory proceeding by a landlord to obtain possession of premises from his tenant, and its purpose is not to collect rent claimed to be due but to determine the right of possession to the premises between landlord and tenant. *Fitzgerald Trust Co.* v. *Shepard*, 60 *Ga. App.* 674 (4 S. E. 2d, 689). The only money judgment which can be obtained by the landlord in such a proceeding is the statutory penalty of double rent, which is granted as an incident to the writ placing him in possession of the premises. *Broadwell* v. *Maxwell*, 35 *Ga. App.* 769 (4) (134 S. E. 808). Also see *Frazier* v. *Beasley*, 59 *Ga. App.* 500 (1 S. E. 2d, 458)."

Other cases might be cited to illustrate that dispossessory-warrant proceedings are different from ordinary cases. In this connection see *Jones* v. *Blackwelder*, 143 *Ga.* 402 (3b) (85 S. E. 122), where it was said: "In dispossessory proceedings the tenant against whom the proceedings have been instituted can not,

after resisting and arresting the same by making a counter-affidavit and giving bond, subsequently withdraw his counter-affidavit and bond to the prejudice of the landlord's right to recover the statutory penalty prescribed by [the Code.]"

Accordingly, a dispossessory-warrant proceeding being a summary statutory action to obtain possession of premises, in which proceeding the only judgment which can be obtained by the landlord is the statutory incidental penalty for double rent imposed upon the tenant for unlawfully withholding possession, such a proceeding is not a civil case within the meaning of article 6, section 14, paragraph 6, of the Constitution of this State (Code, Ann. Supp., § 2-4906), which declares that "all other civil cases shall be tried in the county where the defendant resides." It follows that the portion of Code, § 61-304, which provides that the issue formed in a dispossessory warrant shall be returned to "the county where the land lies," is not violative of the above-stated constitutional provision. Accordingly, the trial court did not err in finding against the plea to the jurisdiction.

■ The affidavit of the plaintiff, upon which the dispossessory-warrant proceeding was founded, alleging as a basis for the issuing of such warrant "that said tenant is holding said offices and premises over and beyond the term for which the same were rented or leased to him," fully complied with the Code, § 61-301, providing that an owner may demand possession "in all cases where a tenant shall hold possession of lands or tenements over and beyond the term for which the same were rented or leased to him," and such affidavit was not subject to demurrer on the grounds that it does not allege the nature or character of said tenancy, whether it is tenancy at will or tenancy for a definite term, or when it began or when it terminated, and it does not allege when demand for possession was made or how it was made so as to enable the defendant to properly prepare for trial.

While, on the trial of the issue formed by the filing of a counter-affidavit, the plaintiff would be required to prove many if not all of the particulars that the defendant by his demurrer contends are necessary to enable him to defend, a plaintiff is not required to set forth evidence of the above character in his affidavit for a dispossessory warrant.

The instant case is distinguished by its facts from *Ralls* v. *E.*

*R. Taylor Auto Co.*, 202 *Ga.* 107 (42 S. E. 2d, 446), involving the use of the words, "or and," between two grounds for dispossessing a tenant, and from *Stepp* v. *Richman*, 75 *Ga. App.* 169 (42 S. E. 2d, 773), which did not involve any ruling on a demurrer.

■ On the trial of the issues made by the dispossessory warrant and the counter-affidavit, the judge found in favor of the plaintiff. The defendant assigns error on this judgment as being contrary to law and contrary to the evidence.

In arguing this assignment of error counsel for the defendant contend in their brief that the entire proceeding was void, since the affidavit upon which the dispossessory warrant was founded shows on its face that a deputy clerk of the Civil Court of Fulton County administered the oath and issued the warrant, whereas the Code, § 61-304, provides that the affidavit must be made before a judge of the superior court or a justice of the peace.

Section 23 of the act approved August 20, 1913 (Ga. L. 1913, p. 145), creating the Municipal Court of Atlanta (now called the Civil Court of Fulton County), provides in part: "All purely ministerial duties which, under the laws of this State, are performable by a justice of the peace or a notary public ex officio justice of the peace, and any such duties prescribed by the rules of said court, shall be performable by the clerk, or his deputies. The clerk and deputy clerks of said court may administer oaths and take affidavits, but shall not have the power to attest deeds and similar instruments." Section 30 provides: "That possessory warrants, distress warrants, warrants for the ejection of intruders, warrants for the dispossession of tenants and other like summary processes shall be issued by the clerk of said court, or any deputy of said clerk upon like affidavit and under the same conditions as are or may be provided by law for the issue of such processes by justices of the peace. Such processes shall bear test in the name of the chief judge of said court and be directed to the marshal or his deputies, or all and singular the sheriffs and constables of said State." Section 34 provides: "That the judges and clerks of said court shall have power to administer oaths and take affidavits."

The above-quoted provisions of the act were sufficient to authorize a Deputy Clerk of the Civil Court of Fulton County to administer the oath and issue the dispossessory warrant.

■ The evidence authorized the judgment for the plaintiff, and the judge of the superior court did not err in overruling the petition for certiorari for any reason assigned.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*