## 31843. BAHDE v. WRIGHT.

DECIDED JANUARY 28, 1948. REHEARING DENIED FEBRUARY 14, 1948.

*Kobak, Levy & Buffington,* for plaintiff in error.

*Hewlett & Dennis, T. F. Bowden, Charles S. Barton,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ We will first consider the assignment of error contained in the exceptions pendente lite filed by the plaintiff in error. Did the trial judge err in overruling the defendant's motion to dismiss the dispossessory warrant on the ground that the oath of the affidavit had been administered by the Clerk of the Civil Court of Fulton County, where the statute requires that the oath be taken before a judge of the superior court or a justice of the peace? This question has been decided adversely to the contention of the plaintiff in error by the Supreme Court in the case of *Wilson* v. *Healey Real Estate & Improvement Co., 203 Ga.* (45 S. E. 2d,

656), where it was held: "A deputy clerk of the Civil Court of Fulton County was authorized, under the provisions of the act approved August 20, 1913 (Ga. L. 1913, p. 145) to administer the oath and issue the dispossessory warrant." The court in that decision quoted and dealt with sections 23, 30, and 34 of the act of 1913 (Ga. L. 1913, p. 145), creating the Municipal Court of Atlanta ( now the Civil Court of Fulton County), and held, as above stated, that a deputy clerk of the Civil Court of Fulton County was authorized, under the provisions of said act of 1913, to administer the oath and issue a dispossessory warrant. Accordingly, the clerk of said court was authorized to administer the oath for the issuance of the dispossessory warrant, and the trial court did not err in overruling the motion to dismiss the dispossessory warrant.

■ The plaintiff in error complains that the court erred in charging the jury that: "The law provides in these cases where the tenant holds over wrongfully after demand is made, that the landlord is entitled to double rent. The amount of rent has been stipulated by counsel, and in the event you find for the plaintiff, the court will fix the amount of rent that would be recoverable under that stipulation." No error harmful to the defendant is shown by this contention. A dispossessory warrant is a summary statutory proceeding by a landlord to obtain possession of premises from his tenant, and "the only money judgment which can be obtained by the landlord in such a proceeding is the statutory penalty of double rent, which is granted as an incident to the writ placing him in possession of the premises." *Healey Real Estate & Improvement Co.* v. *Wilson,* 74 *Ga. App.* 63, 66 (38 S. E. 2d, 747) ; *Broadwell* v. *Maxwell,* 35 *Ga. App.* 769 (4) (134 S. E. 808) ; *Frazier* v. *Beasley,* 59 *Ga. App.* 500 (1 S. E. 2d, 458) ; Code, § 61-305.

The further contention of the plaintiff in error in this respect that the Emergency Price Control Act of 1942 is controlling, instead of the State law, can not be sustained, even if properly raised. The Office of Price Administration had issued a certificate of eviction, authorizing the landlord to proceed against the tenant for eviction in accordance with the requirements of the local law. In *Cohen* v. *Begner,* 75 *Ga. App.* 520 (43 S. E. 2d, 749), where the same contention with respect to double rent was

raised as is now made in the case at bar, this court ruled that "the complaint that the judgment rendered by the court was illegal because it was for double rent is without merit." Also, see *Bass v. Thigpen*, 73 *Ga. App.* 279 (36 S. E. 2d, 187).

The verdict and judgment were authorized by the evidence; no error of law appears; and the Appellate Division of the Civil Court of Fulton County did not err in affirming the judgment overruling the defendant's motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*