### 47953. YOUNG v. COWLES.

DEEN, Judge. 1. The motion to dismiss is denied.

2. To initiate a dispossessory proceeding the plaintiff or his attorney or agent must "go before the judge of the superior court or any justice of the peace and make oath to the facts." Code § 61-301. Thereupon "the judge of the superior court or justice of the peace before whom [the affidavit] was made" issues the summons. Code Ann. § 61-302. The proceeding is statutory and must be strictly construed and observed. *Brinson v. Ingram,* 120 Ga. App. 271 (1) (170 SE2d 39); *Brown v. Cobb Fed. Savings &c. Assn.,* 116 Ga. App. 766 (158 SE2d 925). No judicial officer except those enumerated in the statute has jurisdiction to administer the oath or issue the warrant provided for by these statutes. *Griswold v. Rutherford,* 109 Ga. 398 (34 SE 602); *Rigell v. Sirmans,* 123 Ga. 455, 456 (51 SE 381). Notaries public have authority to administer oaths only in "matters incidental to their duties as commercial officers, and all other oaths which are not by law required to be administered by a particular officer." Code Ann. § 71-108 (4). This obviously excludes the oath required for the affidavit on which the dispossessory warrant is issued, which may be given only by a justice of the peace or a superior court judge, or such other judicial officer as may be authorized by law. The latter includes clerks and deputy clerks of the Civil Court of Fulton County. Ga. L. 1951, p. 3105, Section 23; *Wilson v. Healey Real Estate &c. Co.,* 203 Ga. 52 (3) (45 SE2d 656); *Bahde v. Wright,* 76 Ga. App. 462 (1) (46 SE2d 264). It does not include notaries public.

This case originated in the Civil Court of Fulton County. By Ga. L. 1956, pp. 3271, 3277, it is provided in Section 26 that judges of this court have "jurisdiction to try and dispose of all civil cases of whatever nature . . . including among others . . . proceedings against intruders or tenants holding over . . . " This puts these civil court judges on a par with superior court judges or justices of the peace as to the issuance of dispossessory warrants, but the requirement that the affidavit be taken before the judge issuing the warrant must still be met.

A timely objection was made by the defendant that process was insufficient and the court had no jurisdiction of the subject matter. Under *Griswold v. Rutherford,* 109 Ga. 398, supra, these objections were good and the trial court should have dismissed the proceeding. Whether or not the affidavit was amendable is immaterial since as a matter of fact no amendment was offered relating to this issue.

*Judgment reversed. Quillian, J., concurs. Bell, C. J., concurs specially.*

ARGUED MARCH 5, 1973 — DECIDED APRIL 11, 1973.

*P. L. Wayman,* for appellant.

*Neely, Freeman & Hawkins, Albert H. Parnell,* for appellee.

BELL, Chief Judge, concurring specially. The only issue presented in this case is whether a notary public may administer the oath to the affidavit in a dispossessory warrant proceeding. The affidavit here was sworn to before a notary public. It has been held that only those specifically empowered by the statutes may administer the oath. A notary public is not so empowered. Code § 61-301; Ga. L. 1951, pp. 3105, 3107; *Griswold v. Rutherford,* 109 Ga. 398 (34 SE 602). Thus, the entire

proceeding is void and the judgment appealed from must be reversed.