### 53184, 53185, 53186. JORDAN v. FORD MOTOR CREDIT COMPANY (three cases).

QUILLIAN, Presiding Judge.

The instant appeals are taken from different judgments in the same case. The principal judgment appealed from was in case 53184 involving the grant of plaintiff's motion for summary judgment and we consider the record which is contained in that case.

The facts giving rise to the action are as follows. The defendant purchased a used 1975 automobile from Albany Lincoln-Mercury Company on March 9, 1976 pursuant to a contract controlled by the Georgia Motor Vehicle Sales Finance Act (Code Ann. Ch. 96-10 et seq.; Ga. L. 1967, p. 674). The contract was then assigned to Ford Motor Credit Company, the plaintiff.

On June 10, 1976, counsel for the plaintiff submitted a personal affidavit and summons pursuant to Code Ann. § 67-702 requiring the defendant to appear at a hearing on June 21, 1976. The defendant answered and denied the material allegations of the petition. The defendant

further filed a motion to dismiss the petition on the grounds that it failed to state a claim on which relief could be granted. On June 21, 1976, during the hearing, counsel for the plaintiff amended his personal affidavit and duly served a copy thereof on the defendant. On June 23, 1976, the plaintiff filed an amendment to the answer which contained two affirmative defenses and one counterclaim. The counterclaim sought recovery based on the plaintiff's charging an amount of interest in excess of that allowed by the Motor Vehicles Sales Finance Act. Code Ann. § 96-1004 (Ga. L. 1967, pp. 674, 679; 1970, pp. 101, 103). The defendant was sent an attorney fee letter in conjunction with the suit on June 24, 1976. On that same day, counsel for the plaintiff filed another affidavit, along with an affidavit from the manager of the plaintiff. This set out that the plaintiff had incorrectly set forth the sum in the petition in excess of that which it actually claimed was owed. The original figure set forth in the petition was $3,726.14, and the new amount sought was $3,648.10.

Both parties filed motions for summary judgment. On August 11, 1976, the trial court granted a writ of possession to the plaintiff. The defendant appeals this judgment in case 53185. On August 19, 1976, the trial judge denied the defendant's defenses and counterclaim, and granted the plaintiff's motion for summary judgment. The defendant appealed from this judgment in case 53184. On August 25, 1976, the trial court ordered the defendant to pay all past due amounts into the registry of the court, and each monthly payment as it became due. The defendant appealed from this order in case 53186. *Held:*

1. The defendant contends that the proceedings against him are utterly void since the original affidavit filed in support of the petition was given under oath before a notary public and not one before whom the oath must be given under Code Ann. § 67-702 (Ga. L. 1974, pp. 398, 399; 1975, pp. 1213, 1214).

Code Ann. § 67-702 provides: "Upon statement of the facts under oath, any person holding a security interest on personal property and wishing to foreclose the same may petition. . .for a writ of possession before any judge of the superior court, or any justice of the peace, or any judge of

any other court having jurisdiction over such proceedings, or any clerk of any such court within the county where the debtor may reside or where the secured property may be found." Its companion section, Code Ann. § 67-703 (Ga. L. 1974, pp. 398, 400), further provides: "When the petition provided for in section 67-702 shall be made, the judge, justice or clerk *before whom it was made* shall grant and issue a summons. . ." (Emphasis supplied.)

It is urged that we follow cases construing the analogous provisions of the dispossessory warrant proceedings found in Code § 61-301 and Code § 61-302 (amended by Ga. L. 1976, pp. 1372, 1377, effective 7/1/76). These sections are couched in nearly identical language to that found in Code Ann. § 67-702 and § 67-703 and read as follows: "In all cases where. . .the owner of the lands or tenements shall desire possession of the same, such owner may. . .demand the possession of the property so rented. . . and if the tenant shall refuse or omit to deliver possession when so demanded, the owner. . .may go before the judge of the superior court or any justice of the peace and make oath to the facts." Code § 61-301. "When the affidavit provided for in section 61-301 shall be made, the judge of the superior court or justice of the peace *before whom it was made* shall grant and issue a summons. . ." (Emphasis supplied.) Code Ann. § 61-302.

In *Young v. Cowles,* 128 Ga. App. 770 (197 SE2d 864), this court considered a situation under the dispossessory warrant proceedings in which the oath had been administered by a notary public. The court there held: "The proceeding is statutory and must be strictly construed and observed. . .No judicial officer except those enumerated in the statute has jurisdiction to administer the oath or issue the warrant provided for by these statutes." The court then found that notaries public were not within the officials authorized by the statute to administer the oath and there was a failure to meet the requirement that the affidavit be taken before the judge issuing the warrant.

It should be noted in that case specific objection was made to the fact that the oath was administered by a notary public and not by one of the officers enumerated in the applicable Code sections. This was also true of the case

cited in *Young,* namely *Griswold v. Rutherford,* 109 Ga. 398 (34 SE 602), where objections were duly made on the specific grounds and the Supreme Court held that the trial judge should have dismissed the proceedings.

However, there is a valid basis for holding that proceedings in which the oath is administered by one not authorized to do so are absolutely void. There is language both in *Young* (128 Ga. App. 770) and *Griswold* (109 Ga. 398) which leads to this conclusion. Neither case held that specific objection was necessary. Furthermore, in *Wallace & Wallis v. Kent,* 15 Ga. App. 615 (83 SE2d 1100), it was held that where a distress warrant was issued by one with no authority to do so that the proceeding was void ab initio. The application was made to and the warrant issued by one not duly authorized under the statute at that time. In *Brown v. Cobb Federal Savings &c. Assn.,* 116 Ga. App. 766 (158 SE2d 925), it was held: "The deputy clerk of the Civil and Criminal Court of Cobb County had no authority under the Act creating that court to administer the oaths or to issue the warrants in these proceedings. . .Hence, the proceedings were void ab initio."

A void judgment "is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Code § 110-709. See CPA § 60 (a) (Code Ann. § 81A-160 (a); Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138); *First Fidelity Ins. Corp. v. Busbia,* 128 Ga. App. 485, 486 (197 SE2d 396); *Trapnell v. Smith,* 131 Ga. App. 254, 256 (205 SE2d 875).

The language in Code Ann. §§ 67-702, 67-703, as does the language in Code § 61-301 and Code Ann. § 61-302, requires that the oath be made before the party authorized to issue the summons. Here, this was not done and thus all subsequent proceedings were nugatory.

2. In view of the ruling made in Division 1, the remaining enumerations of error are moot and need not be considered.

*Judgments reversed. Stolz and Shulman, JJ., concur.*

Submitted January 10, 1977 — Decided February 14, 1977.

*B. T. Edmonds, Mary M. Young, Charles M. Baird,* for appellant.
*Burt, Burt & Rentz, Walter H. Burt, III,* for appellee.