## 57610. SAFE-LITE MANUFACTURING, INC. v. C. E. MORGAN BUILDING PRODUCTS, INC.

Birdsong, Judge.

Writ of possession. This case turns upon a procedural issue. The appellee C. E. Morgan Building Products, Inc. sought to foreclose its security interest on certain manufacturing equipment and certain inventory from the appellant, Safe-Lite Manufacturing, Inc. Though there was a jury trial on the issue of whether Safe-Lite was in default or in arrears of rental, it is undisputed by the parties that the writ of possession was sought based upon a petition not under oath. It also is clear that appellant Safe-Lite raises this issue for the first time on appeal. *Held:*

Ga. L. 1974, pp. 398, 399; 1975, pp. 1213, 1214 (Code Ann. § 67-702) provides in pertinent part that any person holding a security interest on personal property and wishing to foreclose the same, the owner may go before a judge of the superior court, justice of the peace, judge of any other court having jurisdiction, or any clerk of such court within the county where the debtor may reside or where the secured property may be found, *and make oath* to the facts.

In *Young v. Cowles,* 128 Ga. App. 770 (197 SE2d 864), it was held that a proceeding for writ of possession is statutory and must be strictly construed and conducted.

In that case, the court was faced with the situation of one not authorized to administer an oath attempting to satisfy the statutory requirement. This court held that an oath by one not authorized to administer the necessary oath resulted in a failure to meet the requirement that a petition be taken before the judge issuing the warrant. It has been held that in proceedings in which the oath is administered by one not authorized to do so, the proceedings are void subject to the amendment of obtaining the statutorily required oath. *Mellon Bank, N. A. v. Coppage,* 243 Ga. 219 (253 SE2d 202). A fortiori, there is an even stronger basis for finding the proceedings void where no oath at all is administered prior to judgment. See *Young v. Cowles,* supra; *Griswold v. Rutherford,* 109 Ga. 398 (34 SE 602). Neither the *Young* nor the *Griswold* cases, supra, held that specific objection was necessary. Thus, in *Wallace & Wallis v. Kent,* 15 Ga. App. 615 (83 SE 1100), it was held that where a distress warrant was issued by one with no authority to do so that the proceeding was void ab initio. See also *Brown v. Cobb Fed. Savings &c. Assn.* 116 Ga. App. 766 (158 SE2d 925).

A void judgment is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it. Code § 110-709. See CPA § 60 (a) (Code Ann. § 81A-160(a)); *Trapnell v. Smith,* 131 Ga. App. 254, 256 (205 SE2d 875); *First Fidelity Ins. Corp. v. Busbia,* 128 Ga. App. 485, 486 (197 SE2d 396).

The language in Code Ann. § 67-702 requires an oath be made before the party authorized to issue the writ. Here, this was not done and thus all subsequent proceedings were nugatory. See *Mellon Bank, N. A. v. Coppage,* supra. The action in that case overruling *Jordon v. Ford Motor Credit Co.,* 141 Ga. App. 280, 283 (233 SE2d 256) merely dealt with the power to amend the pleadings to cure the defect of lack of proper oath and cannot breathe life into a proceedings void for lack of any oath at all.

*Judgment reversed. Quillian, P. J., and Smith J., concur.*

Argued April 4, 1979 — Decided May 8, 1979 — Rehearing denied June 5, 1979 —

*Kunes & Kunes, G. Gerald Kunes,* for appellant.
*Whelchel, Whelchel & Carlton, Hoyt H. Whelchel, Jr.,* for appellee.