A94A2683. TAMPA PIPELINE CORPORATION v. CITY MILLS COMPANY.
(456 SE2d 270)

POPE, Presiding Judge.

In this dispossessory action brought pursuant to OCGA § 44-7-50 et seq., tenant appeals the entry of a default judgment for landlord. As we agree with tenant that the trial court should not have entered a default judgment against it, we reverse the judgment and remand the case for further proceedings. Landlord's motion to dismiss the appeal is denied.

Landlord initiated this dispossessory action on June 23, 1994. It served the affidavit and summons on tenant, a foreign corporation without a registered agent in this state, in three ways: (1) on June 27, 1994, by mailing a copy to defendant's president by certified mail, return receipt requested, and also serving the Secretary of State (see OCGA §§ 14-2-1510 (b), (c) and 9-11-4 (d) (1)); (2) on June 30, 1994, by posting a copy of the summons and affidavit on the premises (see OCGA § 44-7-51 (a)); and (3) on July 7, 1994, by personal service on defendant's president (see OCGA § 9-11-4 (e) (2)). A tenant in a dispossessory proceeding generally has seven days to answer the land-

lord's affidavit, and the summons must explicitly notify the tenant of the last possible date to answer. See OCGA § 44-7-51 (b). However, the summons attached to landlord's affidavit in this case explicitly stated that tenant had *30* days to answer. Landlord noticed this error in the summons and on June 29, 1994, attempted to amend the summons. But instead of serving the amended summons with the same formalities required for original service, landlord simply mailed it to an attorney who had represented tenant in the past but had not yet appeared in this case. See OCGA § 9-11-5. Nonetheless, the trial court granted default judgment for landlord more than seven days but less than thirty days after tenant was served.

In the absence of material prejudice to the defendant, a trial court may allow a summons to be amended. OCGA § 9-11-4 (h). The amendment in this case was not allowed by the court, however, except to the extent its grant of default judgment can be construed as "allowing" the amendment retroactively. Indeed, the amended summons was not even issued by the clerk of the court, as provided by OCGA § 9-11-4 (a); although the deputy clerk notarized the document, it issued from landlord's counsel.

Yet even if we assume the amended summons is otherwise valid, the real problem is with service of the document. A summons must be served in accordance with statutory formalities not simply for form, but to notify the defendant that he is being sued and that he must answer by a specified time. *Jones v. Jones*, 209 Ga. 861, 862 (76 SE2d 801) (1953). Thus, to ensure notification of the defendant, an amendment to a summons which changes the time within which a defendant must answer should be served with the same formalities required for the original summons. Cf. *Young v. Cowles*, 128 Ga. App. 770 (2) (197 SE2d 864) (1973) (statutory procedures for dispossessing tenant must be strictly construed and observed).

It follows that the default judgment is reversed and the case remanded. On remand, the trial court may allow the summons to be amended and properly served, so that the case may be decided on its merits.

*Judgment reversed and case remanded. McMurray, P. J., concurs. Smith, J., concurs in judgment only.*

DECIDED MARCH 17, 1995.

*McGee & Oxford, James B. Crew, Jr.*, for appellant.
*Hatcher, Stubbs, Land, Hollis & Rothschild, Teri D. Yancey*, for appellee.