## CENTRAL OF GEORGIA RAILWAY CO. *v.* MORGAN.
## MORGAN *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. A wife and husband brought separate suits against a railway company; the former for the recovery of damages for physical injuries alleged to have been received because of the negligence of the defendant, and the latter for the loss of the wife's services consequent upon such injuries. By consent the cases were tried together, and each plaintiff recovered a separate verdict. On motion for new trial the verdict for the husband was vacated. *Held,* that, as the verdict was not demanded by the pleading and evidence, the first grant of a new trial will not be disturbed.

2. A married woman whose capacity to labor has been permanently diminished by physical injury wrongfully inflicted upon her by a railway company may recover damages therefor as an element or species of pain and suffering. The charge complained of confused impairment of capacity to labor recoverable as pain and suffering with actual damages for loss of earning capacity, and under the facts of the case was prejudicial error.

3. Where the two actions described in the first headnote are tried together by consent, an assignment of error on a charge respecting the computation of damages in the husband's case, not prejudicially affecting the defendant so far as a recovery in the wife's case is concerned, will not be considered.

AUGUST 18, 1916.

Action for damages. Before Judge Sheppard. Effingham superior court. January 19, 1915.

*Lawton & Cunningham,* for the railway company.

*B. J. Fowler,* contra.

EVANS, P. J. Amanda Morgan brought suit against the Central of Georgia Railway Company, to recover damages for injuries

alleged to have resulted from a negligent derailment of the coach in which she was riding as a passenger. Her husband, Joseph Morgan, also instituted suit against the railway company, claiming damages for the loss of his wife's services, consequent upon the injuries sustained by her. By consent the two cases were tried together, and separate verdicts were rendered for each plaintiff. The railway company moved for a new trial in each case. A new trial was granted in the husband's suit, and refused in the wife's action. The husband sued out a bill of exceptions assigning error on the grant of a new trial, and the railway company sued out a bill of exceptions complaining of the refusal of a new trial in the wife's case.

1. The verdict for the husband was not demanded by the evidence and the pleading; and the judgment granting a new trial to the railway company in his case is affirmed, as it falls within the statutory rule that "The first grant of a new trial will not be disturbed by the Supreme Court, unless the plaintiff in error shows that the judge abused his discretion in granting it, and that the law and the facts require the verdict, notwithstanding the judgment of the trial judge." Civil Code (1910), § 6204; *Cox* v. *Grady,* 132 *Ga.* 368 (64 S. E. 262).

2. In the wife's petition her injuries were described as being of a serious nature, and were declared to be permanent in character. She testified to having received the injuries as alleged, and that her capacity to labor was permanently impaired. A physician testified that her physical injuries were such as to permanently impair her health. On the subject of the measure of damages the court instructed the jury that the plaintiff was entitled "to recover such amount as you find, from the evidence and the law which I have given and shall hereafter give you in charge, she has suffered in damages, either actual by the loss or impairment of her earning capacity or her ability to earn money, and, in addition to that, such amount as you find as conscientious jurors, intelligent, conscientious jurors, her pain and suffering would be. That, of course,—damages for pain and suffering,—is left to the enlightened conscience of impartial jurors." This instruction is criticised because it is contended that no claim was made for damages of this kind in the petition, and that the plaintiff was not entitled to recover, in addition to damages for pain and suffering, damages

42

"actual by the loss or impairment of her earning capacity or her ability to earn money." Loss of capacity to labor, occasioned by physical injury, is a species of pain and suffering; and the court may so instruct the jury, apart from his instruction touching other pain and suffering. *Atlanta Street Railway Co.* v. *Jacobs, 88 Ga.* 647 (15 S. E. 25). If the wife was entitled to recover upon proof of her loss of capacity to labor, it would have been proper to instruct the jury that they might consider such impairment as pain and suffering; but it will be observed from the instruction complained of that the court confused diminished capacity to labor as an element or species of pain and suffering with actual damages as compensation for loss or impairment of earning capacity. At the very threshold of his charge the court stated that "the plaintiff, Amanda Morgan, sues not only for the actual damage for the loss and impairment of her earning capacity, and so on, but also for pain and suffering." The jury were not told in any part of the charge that loss of earning capacity was a species of pain and suffering. In view of the fact that the husband's and wife's cases were tried together, the cleavage between the damages recoverable by each should have been accurately stated. The charge complained of was susceptible of being understood by the jury as entitling the plaintiff to recover, as a distinct element of damage, loss due to a diminished earning capacity.

3. Certain charges relating to the quantum of recovery by the husband are criticised as being inaccurate. These charges did not relate to the quantum of damages recoverable by the wife. It is not necessary to determine whether the attacks on these excerpts are well founded or not, as a new trial was granted in the husband's case by the court.

*Judgment affirmed in the case of Joseph Morgan, and reversed in the case of Amanda Morgan. All the Justices concur.*