## 31080.   BASS *v.* THIGPEN.

DECIDED DECEMBER 5, 1945.

*W. A. Dampier, A. L. Hatcher,* for plaintiff in error.

*M. H. Blackshear,* contra.

GARDNER, J.  1.  The record does not reveal any error in the general grounds, except that it appears from the evidence that the rental value of the house in question was fixed by the O.P.A. at $20 per month, and a verdict in excess of that amount is not supported under the law and facts.  We will deal hereinafter with this excess of $10 per month as to rental value.  Other than this, under the general grounds, the evidence sustains the verdict.

2.  Special ground 1 assigns error because the judge, after the evidence was closed, stated that he would direct a verdict for the plaintiff, but before doing so concluded to submit the question of rent to the jury.  The judge then charged the jury concerning all the issues in the case.  He certainly had the authority to submit the case to the jury, even though he had stated that he would direct a verdict for the plaintiff.  There is no merit in this ground.

3.  Special ground 2 assigns error because the court failed to charge that in finding the rental value that they should be guided by the regulations of the O.P.A. and not find a rental value higher than that permitted by O.P.A.  We think that this ground, to which we have referred under the general grounds, is well taken.

4.  Special ground 3 assigns error because the court failed to charge the jury on the question of good faith on the part of the plaintiff in demanding possession of the property involved for the

purpose of using it as a residence for himself and his family. It is contended by the movant that, after the improvements were made and the plaintiff sought to raise the rent from $20 to $30, the plaintiff asked the defendant for the house; and that the court should have charged on the question of bad faith, and in failing to do so "the judge therefore induced the jury to find the value of the property involved, but did not charge them that they could not find a verdict in excess of the amount that the O.P.A. had ruled as a maximum rent on such property." It will thus be seen that he gravamen of the error assigned on this ground goes to the excess of the rental value of the premises above the $20 per month. This has been noted in both the general grounds and in special ground 2, and will be further dealt with hereinafter.

5. Special ground 4 assigns error because the court overruled a motion for a continuance based on the ground that the defendant was sick in bed and unable to attend court and assist counsel in the trial of his case. This motion for a new trial does not meet the requirements of the law. *Butler* v. *Georgia Agriculture Credit Corp.*, 37 *Ga. App.* 390 (140 S. E. 426) ; *Mosley* v. *Bridges*, 65 *Ga. App.* 64 (15 S. E. 2d, 260) ; Code, § 81-1412. From what we have said above concerning the general grounds and the special grounds, the record shows no reason why we should reverse this case and remand it for a new trial. The record does show, however, that the rental value of the property was fixed by the O.P.A. at $20 per month, and not $30 per month. Therefore the rental value of the property, so far as these proceedings are concerned, is $20 per month, to be doubled, making the double rental value of the property $40 per month. This case is therefore affirmed with the direction that there be written off from the verdict and judgment the excess of $40 per month double rent, within ten days from the time the remittitur is received in the court below. Otherwise, the judgment is reversed.

*Judgment affirmed, with direction. Broyles, C. J., and MacIntyre, J., concur.*