### 31622. COHEN v. BEGNER.

Decided July 11, 1947. Rehearing denied July 29, 1947.

*J. Hugh Rogers, Noah J. Stone,* for plaintiff in error.

*Arnold S. Kaye,* contra.

PARKER, J. ■ We think that the court properly held that the eviction certificate was conclusive on the question of the good faith of the plaintiff in obtaining the same, and properly excluded the testimony which sought to invalidate the certificate. The Emergency Price Control Act of 1942 created the Emergency Court of Appeals, and gave it exclusive jurisdiction to review any regulation, order, or price schedule of the Price Administrator, and provided that its decision could be reviewed by the Supreme Court of the United States by certiorari. 50 U. S. C. A., 924(d). The case of Horton *v.* Cantrell, 238 Mo. App. 681 (187 S. W. 2d, 860), held that the trial court had no jurisdiction, in an unlawful-detainer action, to determine whether the certificate of the Federal rent control office, authorizing the landlord to pursue his remedies for the removal of the tenant, was supported by sufficient evidence, or whether the landlord acted in good faith in obtaining the certificate, and that the exclusive remedy to test these questions was by appeal to the Emergency Court of Appeals. A similar ruling was made in Bowles, Price Administrator, *v.* Griffin, 151 Fed. 2d, 458, by the Circuit Court of Appeals for the 5th Circuit. That case holds that the act denies jurisdiction to any court, except the Emergency Court of Appeals, to consider the validity of any such regulation, order, or price schedule, although a district court has jurisdiction to find the facts to which the regulations or orders are to be applied. That case makes a distinction between an attack on the validity of a regulation and the finding of facts to which the regulation is to be applied. It seems to us that under the express terms of the act the trial court was correct in ruling that it could not go behind the certificate of eviction, and we think that this view is supported by the cases cited.

The objection to the certificate of eviction, on the ground that it authorized the plaintiff or Nalley Houses Inc. to file the eviction

proceeding, is not meritorious for any reason appearing in the record. An inspection of the certificate shows that it was directed and addressed to the plaintiff, Selwyn G. Begner, and the authority directed to him and to Nalley Houses Inc. did not, in our opinion, make it invalid. The plain purport of the certificate was to authorize the plaintiff to proceed, although the corporation named is included in his authority.

■ The complaint that the judgment rendered by the court was illegal because it was for double rent is without merit. The Code, § 61-305, provides for double rent when an issue in a dispossessory proceeding is determined against the tenant, and the certificate of eviction issued by the O. P. A. authorized the plaintiff to proceed against the tenant "in accordance with the requirements of the local law." The O. P. A. regulations are to be construed in connection with the laws of the State, and there is no conflict between such regulations and the statute authorizing double rent. Our conclusion on this point seems to have been reached and applied by this court in *Bass* v. *Thigpen, 73 Ga. App.* 279 (36 S. E. 2d, 187), a dispossessory-warrant proceeding in which it was held that the rental value of the property there involved was double the amount which had been fixed by the O. P. A. Furthermore, the record does not show that any amount had been fixed by Federal regulations as the rental value of the premises involved in this case.

It follows that the superior court did not err in refusing to sanction the petition for certiorari.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*