31588.   CITY COUNCIL OF AUGUSTA *v.* DRAWDY.

DECIDED JULY 15, 1947.   REHEARING DENIED JULY 29, 1947.

546

*Fulcher & Fulcher,* for plaintiff in error. *Pierce Brothers,* contra.

FELTON, J. ■ The charge with reference to the degree of care required to be exercised by the child, if erroneous, was not harmful to the defendant, because there was no evidence that the child was negligent under any criterion.

■ The charge excepted to in special ground 5 without question authorized the jury to find two elements of damages, one, pain and suffering, and two, loss of earning capacity. Under the pleadings and evidence, it was error for the court to authorize a finding for lost earnings, as the action was for pain and suffering and there was no evidence of lost earning capacity. A diminution in one's capacity to labor is an element of pain and suffering. *Wall Realty Co.* v. *Leslie,* 54 *Ga. App.* 560 (188 S. E. 60). The rule for determining such damages is the enlightened consciences of fair and impartial jurors. *Railway Express Agency* v. *Standridge,* 68 *Ga. App.* 836 (24 S. E. 2d, 508). A diminution in one's capacity to earn money is another distinct element of damages, and the measure of such damages involves numerous considerations, among which are, first, the earnings before the injury, earnings after the injury, probability of increased or decreased earnings in the future, considering the capacity of the injured party, effects of sickness and old age, etc. In a case where the pleadings and evidence authorize a recovery for both pain and suffering and a diminution in one's capacity to earn money, it is, of course, proper for the court to charge on both measures of damages; but in a case such as this, where the pleadings and evidence only authorize a finding for damages for pain and suffering, it is error to charge on diminished earning capacity as a separate and distinct item of damage and instruct the jury to reduce it to its present value. *Shackleford* v. *Ridley,* 71 *Ga. App.* 568 (31 S. E. 2d, 429).; *Atlanta Coca-Cola Bottling Co.* v. *Deal,* 66 *Ga. App.* 211 (17 S. E. 2d, 592), and cit. The measure of damages to a child of 12 is the enlightened conscience of fair and impartial jurors. *W. & A. R. Co.* v. *Young,* 81 *Ga.* 397 (4) (7 S. E. 912, 12 Am. St. R. 320). In many cases the courts of this State have repeatedly held that, where damages for pain and suffering alone are recoverable, it is error to authorize the jury to find also damages for lost earning capacity. We cite some of them: *W. & A. R. Co.* v. *Young,* 83 *Ga.* 512 (2) (10 S. E. 197); *West* v. *Moore,* 44 *Ga. App.* 214 (2) (160 S. E. 811); *A. & W. P. R. Co.* v. *Haralson,* 133 *Ga.* 231 (65 S. E. 437); *Mitchell* v. *Mullen,* 45 *Ga. App.* 282 (164 S. E. 278), and cit.; *Central of Ga. Ry. Co.* v. *Morgan,* 145 *Ga.* 656 (89 S. E. 760). The petition alleged: (par. 13) "that your petitioner's earning capacity, as a result of the loss of his leg, has been greatly reduced,

and he will be required to go through life a one-legged man;" and (par. 14) "that your petitioner brings this suit against defendant to recover damages for the pain and suffering, past, present, and future, a maimed and mutilated body and a destroyed capacity to make a livelihood." In their original briefs, attorneys for the defendant in error contended that the action was for pain and suffering alone, and not for pain and suffering and· lost earnings. There was an exception to the failure of the court to charge that the child could not recover for lost earnings until he reached majority unless manumission was shown, and it was not shown in this case. In answer to this exception, the attorneys for the defendant in error contended that the action was not one for lost earnings and therefore not for lost earnings during minority. It is true that it was held in *Betts Co.* v. *Hancock,* 139 *Ga.* 198 (77 S. E. 77), that the lost earning capacity of a child could be considered in estimating damages when there was no proof of lost earnings. What we think the court meant was that the loss in earning capacity could be considered by the jury as an element of pain and suffering, inasmuch as the measure of such damages is the enlightened consciences of impartial jurors. In *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (49 S. E. 818), the court charged the jury that, "Where a minor . . is too young to have selected an avocation or to begin to illustrate her earning capacity, in such cases there is no measure as to the amount of damages, where such minor is entitled to recover therefor, except the enlightened consciences of impartial jurors, guided by all the facts and circumstances of the particular case." The charge was excepted to on the ground that it gave the jury an incorrect rule as to the measure of damages sought by the plaintiff for lost time, lost capacity, lost earnings, etc., and because these were matters for computation under other rules. and not the consciences of jurors. The court in that case said: "The petition did not allege that the plaintiff was ·earning any income at the time that she was injured, nor that she had ever earned any, nor did the plaintiff undertake to sustain by evidence the allegations of the petition as to her earning capacity at the time she was injured. . . As her case went before the jury, she was seeking to recover alone for pain and suffering and permanent injuries, without undertaking to furnish the jury, by evidence, with any standard from which

to calculate the amount of diminution in her earning capacity . . for she did not offer to prove that she ever had any."

Our interpretation of these decisions is that, where there is no allegation and proof of lost earning capacity, the jury may consider the circumstance of lost earning capacity under the head of pain and suffering; and that, where there is allegation and proof of the amount of lost earnings, the jury can award an additional amount of damages, arrived at by computation from data furnished by the evidence. See also, on this point, *Standard Oil Co.* v. *Parrish,* 40 *Ga. App.* 814 (151 S. E. 541).

Counsel for the defendant in error contend that the charge was more favorable to the defendant below than to the plaintiff below, and cite *Louisville & Nashville R. Co.* v. *Bean,* 49 *Ga. App.* 4 (174 S. E. 209). In that case only damages for pain and suffering were sought, and the court instructed the jury to reduce the damages found for the pain and suffering to its present value. The jury found for the plaintiff in that case, and whatever harm was done by the charge harmed the plaintiff if the jury reduced the amount to its present value. The charge in the instant case is vastly different. It not only authorized a finding for damages for pain and suffering, but, in addition, damages for lost earning capacity. We cannot agree with counsel that to authorize a recovery for damages for lost earning capacity, in addition to those for pain and suffering, was not harmful to the defendant when no recovery for lost earning capacity was authorized under the pleadings and evidence.

The court erred in authorizing the jury to find damages for lost earning capacity and in overruling the motion for a new trial.

The general grounds of the motion are not passed on.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*