### 31938.   LIMBAUGH *v.* MORGAN.

DECIDED MARCH 19, 1948.

*Margaret Hills, Helen Douglas Mankin,* for plaintiff in error.
*L. D. Burns Jr.,* contra.

SUTTON, C. J.   This is an action for treble damages, brought by W. F. Morgan, as tenant, against Mrs. P. J. (Bonnie) Limbaugh, the landlord, under § 205 (e) of the Emergency Price Control Act of 1942, as amended (50 U. S. C. A. Appendix, § 925 (e) ), for a violation of a retroactive order of the Director of the Atlanta Area Rent Control Office requiring a refund of overcharges of rent for a certain apartment.   This case has been here before (*Morgan* v. *Limbaugh,* 75 *Ga. App.* 663, 44 S. E. 2d, 394), and it was then held that the petition set out a valid cause of action as against the defendant's general demurrer.   For a statement of the substantial allegations of the petition and the rulings thereon as raised by the general demurrer, see that case.

The defendant in her answer denied that she was indebted to the plaintiff, and alleged that, if she had violated the Emergency

Price Control Act of 1942, the said violation was neither wilful nor the result of her failure to take practicable precautions against the occurrence of such violation.

The case proceeded to trial before a judge and jury in the Civil Court of Fulton County and resulted in a verdict and judgment for the plaintiff for $337.50 treble damages and $100 attorney's fees. The defendant's motion for a new trial was overruled, and the exception here is to that judgment.

On the trial the plaintiff testified to the effect that he rented the apartment in question at 707 North Main Street, College Park, Georgia, from the defendant, from about July 15, 1946, until December 23, 1946, at which time he vacated the apartment in compliance with a previous request of the landlord. He introduced in evidence canceled checks and receipts, which showed payment of the agreed rental of $50 per month for that period; and an order by the Director of the Atlanta Area Rent Control Office, dated January 16, 1947, decreasing the rental on the apartment in question from $50 per month to $27.50 per month, said order being retroactive and effective from August 1, 1946, and providing that any rent collected from the effective date of the order in excess of the amount provided for therein shall be refunded to the tenant within 30 days from the date of such order. The plaintiff testified: that at the time he moved from the apartment he did not leave his new address with the landlord, but did leave it with the post office in College Park, and that mail addressed to him there had been forwarded to him; that no refund of the overcharge in rent had been made to him by the defendant; and that he authorized his lawyer to send a letter to Mrs. Limbaugh in that connection, and was present in his office at the time he got the letter off, but that she did not make the refund after he mailed her the letter.

The defendant testified: that she owned the property in question; that she did not register it with the O.P.A. office within 30 days after she bought it, but did register it later on, and that about January 20, 1947, she received an order from the O.P.A., decreasing the rent on the apartment retroactively, but that at the time the plaintiff was not living in the apartment, and had left no forwarding address; that, after the retroactive order was received, she had never received any request or notice from him,

prior to the time of filing this suit, for a payment of the overcharge; that she asked the people at the house where he lived, but they did not know; that, if he had come to her and talked it over, she would have settled any way she could. The defendant introduced in evidence parts of Rent Regulation for Housing, dated October 15, 1946, as follows: section 4 (a), (b), (c), (d), and (e); section 5, 5 (c), (1); section 7 (a); sections 925 (d), 925 (e), and 921 (d), of 50 U. S. C. A. Appendix.

1. The defendant sought to question the plaintiff on cross-examination, as to what equipment or services were furnished with the apartment, and, on objection thereto, the trial judge refused to allow the witness to answer the question, and limited the defendant's examination to proof of her good faith in refusing to comply with the order of January 16, 1947, or proof that payment was made within 30 days from the date of said order, or proof that her failure to make refund was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. She sought to prove by her own testimony and a copy of an application for registration that, while she did not register the property with the O.P.A. rent office within 30 days after she bought and rented it to the plaintiff, she did register the same with the O.P.A. rent office in November, 1946. This evidence was disallowed by the trial judge, who ruled: "As I understand the law, it is that the suit is based on the failure to comply with the administrator's order. Now, before the order was in existence, I don't think good faith would enter into it. It is a question of her good faith in failing to comply with it." . . . He is not suing for overcharge; he is suing for failure to refund the overcharge. . : I now rule that this is a proceeding for failure to make a refund as required by the order of the Area Rent Office, and that no evidence of good faith or lack of it is admissible prior to the date of the order."

Error is assigned in the five special grounds of the motion for new trial because the trial judge refused to allow the introduction of any evidence attacking the validity of the order issued on January 16, 1947, or to allow any evidence as to the good faith or lack of it on the part of the plaintiff in error prior to the date of said order requiring a refund to be made by her to the tenant.

This suit is based on a violation of the order requiring a refund of overcharges in rentals on the property in question, and it was held by this court when the case was here before, that the petition set out a valid cause of action for treble damages and attorney's fees, under section 205 (e) of the Emergency Price Control Act of 1942, as amended (50 U. S. C. A. Appendix, Section 925 (e)), for a violation of that order. It was further ruled in this case, that "The validity of any order of the administrator decreasing rents is reviewable only by the Emergency Court of Appeals as established by the act, and its decision may be reviewed by the Supreme Court of the United States by certiorari. 50 U. S. C. A. Appendix, § 924 (c and d), *Cohen* v. *Begner*, 75 *Ga. App.* 520 (43 S. E. 2d, 749);" and that "The suit is for a violation of the order which required a refund. Assuming that the order issued by the Area Rent Office was valid, as this court must do under the authorities cited above, it was violated under the allegations of the petition when the defendant refused to comply with it;" and that, "Whether or not the defendant can avoid liability for treble damages, attorney's fees and costs by proof of her good faith in refusing to comply with the order requiring a refund within 30 days, is a jury question under § 205 (d) of the act."

No payment or tender of payment of the overcharges, pursuant to the order requiring the refund, was ever made. The order required the refund to be made within 30 days from the date of the order, and, when the defendant refused or failed to comply with the order and make the refund, the violation occurred on the 31st day after the date of such order. Any evidence subsequent to the issuance of said order that would reflect or show good faith on the part of the defendant in failing or refusing to comply with the order would be admissible in her behalf to avoid liability in this case; but evidence of good faith or lack of it on her part prior to the date of such order would not be admissible, for the admission of such evidence would amount to an attack on the validity of said order, and this court has held that such an attack is not now permissible in this case. The trial court did not err in rejecting the evidence as complained of in the special grounds of the amended motion for new trial.

2. The jury was authorized to find from the evidence that

678

the failure or refusal by the defendant to make the refund to the plaintiff as required by the order of January 16, 1947, was not in good faith on her part. The verdict for the plaintiff was authorized by the evidence, and the trial judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*