### 32223. BOWEN v. EVANS.

GARDNER, J. Glenn C. Evans, whom we shall call the tenant, rented an apartment from Mrs. James A. Bowen, whom we shall call the landlord. This was the first renting. The apartment was occupied from March 22, 1946, to December 31, 1947, at an agreed monthly rental of $65. On January 22, 1947, the Atlanta area rent office of the agency then known as "Office of Temporary Controls" issued an order reducing the maximum rent of the apartment from $65 to $47.50 per month, making the same retroactively effective from March 26, 1946. This order was based on the theory that, no registration statement for the apartment had been filed with the area-rent office by the landlord within 30 days from the time the apartment was first rented. Thereafter, the tenant demanded a refund of $140, the overpayment. The landlord refused payment. Thereafter, the tenant filed suit seeking recovery of treble damages, costs, and attorney's fees, under the provisions of the Emergency Price Control Act of Congress of 1942, as amended (50 U. S. C. A. App. § 925 (e)), and regulations promulgated thereunder. It was stipulated that the excess payment of the period from the time the apartment was occupied until the order, was $140. The jury returned a verdict for treble this amount, costs, and $50 attorney's fees. The only question for determination is whether the court committed reversible error in refusing to allow the landlord to go behind this order and show that she

filed a registration statement within 30 days after the first renting of the apartment as required by the regulations. It was stipulated that she did not pay the excess within 30 days after the order and it was further stipulated that she did not file any appeal from this order to the emergency court of appeals under the provisions of the Emergency Price Control Act, supra. Since she did not pay the excess within 30 days after the order of the director, and since she did not appeal from the order to the emergency court of appeals, the ruling refusing to allow her to go behind this order to attack its validity, was not error. This court has ruled directly on this question as a matter of law on demurrer in the case of *Morgan* v. *Limbaugh,* 75 *Ga. App.* 663 (44 S. E. 2d, 394), and then again when it was here the second time, *Limbaugh* v. *Morgan,* 76 *Ga. App.* 674, (47 S. E. 2d, 91). ·The case of Bowles *v.* Griffin, 151 Fed. 2d, 458, rendered by the U. S. Circuit Court of Appeals for the Fifth Circuit, does not conflict with what we hold here.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 13, 1948.

*Ralph R. Quillian,* for plaintiff in error.
*L. D. Burns Jr.,* contra.