## 32608. SNYDER *v.* PRICHARD.

*MacIntyre, P. J. and Gardner, J., concur.*

DECIDED NOVEMBER 4, 1949.

*Dunaway, Riley & Howard, Yantis Mitchell,* for plaintiff.
*W. George Thomas,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) █ An oral motion to strike a paragraph of an answer is equivalent to a general demurrer as to that paragraph, or the portion thereof attacked, and if any matter is contained therein which is proper mat-

ter of defense, the motion to strike should not be granted, even though the paragraph or portion thereof might be so defective as to be subject to attack by special demurrer. *Dawson Production Credit Assn.* v. *Connelly*, 61 *Ga. App.* 889 (1) (8 S. E. 2d, 424). In a suit for treble damages against a landlord which alleges bad faith in non-compliance with an order of the Rent Director, the defendant may allege and prove that she did in fact properly register the premises. There is, in consequence, no merit in the contention that the court erred in overruling the oral motion to strike paragraph 4 of the answer or a part thereof.

■ Counsel for the plaintiff contends that the court erred in excluding from evidence the order of the Rent Director finding that the rent charged on the premises on the effective rent date (March 1, 1942) was $52.50 per month, on the ground that this order was conclusive as a finding of fact, in the absence of appeal, and binding upon the court and the parties to this suit. It is well established that the validity of any regulation or order of the Administrator establishing maximum rents is reviewable only by the Emergency Court of Appeals as established by the act, and its decision may be reviewed by the Supreme Court of the United States by certiorari. *Limbaugh* v. *Morgan*, 76 *Ga. App.* 674 (47 S. E. 2d, 91); U. S. C. A. App. § 924 (c and d). The "order or regulation" referred to, as defined in U. S. C. A. App. § 924 (a) as being the subject of appeal is described in U. S. C. A. App. § 902 (b) in reference to rent cases as a "regulation or order [to] establish maximum rent or maximum rents for such accommodations as in his judgment will be generally fair and equitable."

The order under consideration did not establish a maximum rent, nor did it decrease a maximum rent previously established. It merely undertook to make a finding of fact as to what the rent had been on a given date. Even conceding that such a finding is, per se, an order or regulation, it is not such an order fixing maximum rent as is contemplated under the Federal Code sections above cited in the provision for appeal therein set out, and therefore is not an order the validity of which is conclusive upon the trial court. Further, in *Bowles* v. *Griffin*, 151 Fed. 2d, 458, it was held as follows: "The regulations and orders of the Administrator are in their nature legislative and administrative

and not judicial. The fact findings on which they are based do not constitute estoppels as by judgment. . . As to each transaction of rent collection which is proven the district court has the jurisdiction and the duty to decide whether or not it was done in violation of any regulation or order existing at the time. . . Its inquiry on these points cannot be cut off and foreclosed by fact findings of the Administrator."

This is all the more true in the instant case, where the attempt of the Rent Director to find as a fact the rent charged on the effective date of the regulation (March 1, 1942) was not made until October 6, 1947, almost a year after the petition and answer had been filed in this case. The issue having been joined in a court of competent jurisdiction, and one of the questions to be decided therein being what rent was actually charged and collected on the effective rent date, such jurisdiction could not in any case be divested of that court by a subsequent order issued by an inferior tribunal such as the Area Rent Control Office.

This case is distinguishable on its facts from those cited by counsel for the plaintiff. In Mortgage Underwriting and Realty Co. v. Bowles, etc., 150 Fed. 2d 411 et seq. the case was reversed on appeal from the adverse ruling of the Administrator for the reason that the latter had failed to consider pertinent evidence. The court there observed that it was his duty to consider such evidence, although the weight to be given it was for his determination. Landreth v. Wabash Ry. Co., 153 Fed. 2d, 98, also cited, was decided on a plea of res judicata, the court holding that under the laws of the State of Illinois the decision of the Industrial Commission had ripened into a final judgment, no appeal therefrom having been taken, and that the consequent final determination of the issues acted as a bar to the suit in Federal Court. U. S. v. Willard Tablet Co., 141 Fed. 2d, 141, also cited, held that findings of fact of the Federal Trade Commission were "final" under the interpretation of the statute applicable thereto. In Longmoor Corp. v. Creedon, 162 Fed. 2d, 747, on appeal from an order of the Administrator reducing rent and the evidence on which the order was based being in the record, the court held that the evidence was in conflict and therefore the decision of the Administrator would not be disturbed.

None of these cases, or others examined by this court, support counsel's contention that the finding of the Rent Director in the instant case would be in any manner conclusive upon the trial court. That court having acquired jurisdiction to try the issues of fact presented by the pleadings, a finding of fact by the Rent Director subsequent thereto had no probative value and was properly excluded upon objection.

■ The plaintiff offered no valid evidence as to the rent ceiling in effect during the tenancy, and the motion for a nonsuit was therefore properly granted.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*