### 37133. CITY OF SUMMERVILLE *v.* WOODARD.

DECIDED MAY 9, 1958—REHEARING DENIED MAY 27, 1958.

*Robert Edward Surles,* for plaintiff in error.

*Bobby Lee Cook, A. Cecil Palmour,* contra.

NICHOLS, Judge. ■ The first special ground of the amended motion for new trial assigns error on the failure of the trial judge to charge, without a timely written request, that the plaintiff was not entitled to recover the item of damages specified in the petition as, "loss of wages and earnings of the wife of the plaintiff." This ground of the motion for new trial shows that the plaintiff's wife testified that she had earned the amount alleged in the petition prior to the wreck but that she had not turned such wages over to her husband. At this point the defendant made a motion to exclude all evidence with reference to Mrs. Woodard's wages and that the jury be instructed that the plaintiff was not entitled to recover such lost wages. The judge sustained the motion but did not, in his charge, instruct the jury that the plaintiff was not entitled to recover on this item of damages alleged in his petition.

The jury was instructed that the pleadings in the case were merely the contentions of the parties and without probative value, and that in order for the plaintiff to recover it must be on a preponderance of the evidence. The defendant's motion was, in effect, a motion for a directed verdict on the issue of whether the plaintiff was entitled to .recover the wages of his wife which were allegedly lost as a result of the wreck.

In *Bass* v. *Thigpen*, 73 *Ga. App.* 279, 280 (36 S. E. 2d 187), it was held that the trial judge did not err (after stating that he would direct a verdict but before doing so decided to, and did, submit the case to the jury), in failing to direct the verdict. If a fuller request had been desired it should have been the subject of a timely written request. See Code § 81-1101. No reversible error is shown by this ground of the motion for new trial.

■ Special ground numbered 5 assigns error on the following excerpts from the charge: "He contends that he suffered certain damages to one certain automobile and also that he is entitled to compensation for certain injuries to his wife, Mrs. J. B. Woodard, who was then the driver of the automobile for which this suit is brought. . . Now, Gentlemen of the jury, the contentions of the plaintiff; on the one hand, that he suffered certain damages to his automobile and certain injuries to his wife, for which he is entitled to certain compensation. . . The plaintiff also asks for damages because of certain injuries to his wife, loss of her services, and I charge you as follows: If you find that the plaintiff is entitled to recover for the loss of services of the wife, I now charge you that in arriving at the amount of compensation to be awarded the husband for the loss of his wife's services she is not to be treated as an ordinary servant or as a mere hireling; he is entitled to the companionship and consortium of his wife."

The defendant contends that the above charge did not correctly state the plaintiff's contentions as to the recovery that he was seeking, that it was confusing in that it would lead the jury to believe that the plaintiff was entitled to compensation for the injuries to his wife for which only she could recover, and that such damages were sought as well as damages for the loss of her services. "A material misstatement of the contentions of the parties is prejudicial error. *Hightower* v. *Ansley,* 126 *Ga.* 8 (6)

(54 S. E. 939)." *Atlantic Coast Line R. Co.* v. *Coxwell,* 93 *Ga. App.* 159, 166 (91 S. E. 2d 135). As a general rule a charge which misstates the contentions of the prevailing party, and tends to confuse the jury as to those contentions and as to the real issues in the case, in such a manner as would permit the prevailing party to recover on a contention he did not make and not authorized by the evidence, necessitates the grant of a new trial. *Ergle* v. *Davidson,* 69 *Ga. App.* 102, 104 (24 S. E. 2d 810), citing *Ingram &c. Co.* v. *McAllister,* 62 *Ga. App.* 50 (7 S. E. 2d 784), *Hendricks* v. *Allen,* 128 *Ga.* 181 (57 S. E. 224), *Pollard* v. *Roberson,* 61 *Ga. App.* 465, 469 (12) (6 S. E. 2d 203), and *Thompson* v. *Lyon,* 64 *Ga. App.* 83, 90 (5) (12 S. E. 2d 155).

A reading of the above excerpts from the judge's charge shows that the jury was instructed that the plaintiff was seeking a recovery for the injuries his wife sustained, while actually he was only seeking a recovery for the loss of her services to him and for a loss of her companionship and consortium. Accordingly, the above quoted excerpts from the charge must be held to be prejudicial error to the defendant.

■ Special ground numbered 6 complains that the trial court erred in charging on the doctrine of respondeat superior. While the court did not use the phrase "within the scope of his employment" while referring to the actions of the alleged employee of the defendant municipal corporation, the charge given did require the jury to find that the alleged employee was "acting in his capacity as an employee and police officer of the City of Summerville at such time." Therefore no reversible error is shown by this ground of the motion for new trial since the charge given required the jury to find that the alleged employee was acting in the scope of his employment although this phrase was not used in the charge.

■ Special ground numbered 7 assigns error on the refusal to charge the following upon the timely written request of the defendant: "Automobilist, driving at such speed he cannot stop within distance that objects can be seen is negligent."

"A request to charge must be entirely correct, adjusted to the pleadings, adjusted to the law, adjusted to the evidence, and must not be argumentative." *Atlantic Coast Line R. Co.* v. *Layne,* 88 *Ga. App.* 674, 692 (77 S. E. 2d 565).

The request to charge in the present case sought to have the jury instructed that in every case, regardless of the circumstances, if the driver of the automobile could not stop within the distance that objects can be seen such driver is guilty of negligence. This is not the law, for as was said by this court in *Rogers* v. *Johnson,* 94 *Ga. App.* 666, 678 (96 S. E. 2d 285): "The law does not require that a driver of a motor vehicle in ordinary circumstances be able to stop the vehicle within the range of his vision." While all the judges of this court did not agree that this *should* be the law, all did concur in the opinion that this *is* the law. The request to charge not being entirely correct, it was not error for the trial court to refuse to charge it.

■ The evidence adduced on the trial of the case was in sharp conflict and inasmuch as the judgment of the trial court denying the defendant's amended motion for new trial must be reversed for the reasons shown in the second division of this opinion, the general grounds of the motion for new trial will not be dealt with extensively. Suffice it to say that the verdict of the jury was not demanded by the evidence, however, it was authorized.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*