39323.   PORTER v. BLAND.

DECIDED APRIL 4, 1962.

Hitch, Miller, Beckmann & Simpson, Joe R. Young, Jr., for plaintiff in error.

R. L. Dawson, contra.

BELL, Judge. ■ The first special ground of the motion for a new trial urges that the trial court erred in explaining one of the contentions of the defendant to the jury in the following language: "Denies that . . . denies all other paragraphs of plaintiff's petition and further alleges that Stanley . . . the other defendant . . . was driving his automobile at the time and place alleged in the petition when suddenly there appeared a truck driven by a named person in which the plaintiff was a passenger, but it was dark at the time and the lights of Porter's car were burning. . . Were not burning."

This explanation by the court stated finally that the contention of the defendant Porter, was that the lights of his own car were not burning. As the collision under suit happened at night, this misstatement by the court of the defendant's contention could have been material and prejudicial and may have been interpreted by the jury as an admission of negligence.

A material misstatement of the contention of the parties is prejudicial error. City of Summerville v. Woodard, 97 Ga. App. 662 (2) (104 SE2d 507), and authorities there cited. While an obvious slip of the tongue does not constitute such error in a charge as to require reversal (Becker v. Donalson, 138 Ga. 634 (5a), 75 SE 1122), here this statement by the court completely changed the contention of the defendant from a correct to an incorrect one. Where a trial judge misstates the contention of a party so as to convey to the jury, in effect, that the party has made an admission of negligent conduct, the error is clearly material and harmful.

The trial court erred in overruling the motion for new trial on special ground 1.

■ Special ground 2 contends the court erred in giving a charge to the jury upon burden of proof. The court, after charging the first sentence of Code § 38-103, gave what appears in the record as a garbled and incorrect statement of the last

sentence of this statute. Apparently, this garbled quote in the record occurred through some stenographic mistake, but regardless of its cause, we are bound by it as it reads in the record. While this portion of the charge was erroneous and was not corrected, since a new trial is ordered on other grounds, we find it unnecessary to rule upon special ground 2. It is unlikely that in the second trial this obvious mistake will be repeated.

■ Special ground 3 was abandoned. Special ground 4 asserts that the court erred in charging in effect that the operator of a motor vehicle upon the highways of the State is required to operate on the right of the center line in the direction in which he is traveling, except when passing traffic going in the same direction, and that a violation of any acts of the legislature is negligence per se. The defendant's contention is that this charge was not applicable to the facts and pleadings in the case and was highly prejudicial. We think this charge was irrelevant, as under the uncontradicted evidence the plaintiff was on his proper side of the road when his vehicle was struck from the rear by the defendant's automobile. The statute charged was not involved under the facts of this case. The trial court erred in overruling special ground 4 of the motion for new trial.

■ Special ground 5 contends the court erred in charging the jury that in estimating the damage it may consider the suffering the plaintiff has endured at the time of and since the injury and for mental suffering he "may have or experienced (sic) throughout life for the loss of a foot or any member of his body or injury to any portion of his anatomy, and for the impairment of his physical strength and vigor." It is urged that this portion of the charge was highly prejudicial in that it authorized the jury to compensate the plaintiff for loss or injury to a foot or a member of his body when there was no evidence in the case regarding any such injury or loss and no such issue was raised.

The record reveals there was no testimony that the plaintiff lost a foot or member of his body. Since the jury had the plaintiff before it and could see he had not lost a foot or member of his body, this portion of the charge could not have harmed defendant. A statement in the charge of the court not adjusted to the evidence is not reversible error when it is harm-

less and not prejudicial to the losing party. *Savannah Electric Co. v. Joseph*, 25 Ga. App. 518 (4) (103 SE 723).

The trial court properly overruled special ground 5 of the motion for new trial.

■ Special grounds 6 through 9, inclusive, were argued together. Special ground 6 charged the court erred in defining general and special damages in the language of *Code* § 105-2006, without defining or limiting in any way these definitions to the facts and allegations of the case, and in failing to define or explain to the jury what type of damages was sought by the plaintiff. Damages were sought for past pain and suffering, future pain and suffering, a 50 percent loss of earning capacity, and loss of earnings during the period of disablement. Special ground 7 urged the court erred in failing to call to the attention of the jury the fact that in his declining years there might be a decrease in the capacity of the plaintiff to labor at his calling and his ability to earn money. Special ground 8 declares the court erred in failing to give the jury any lawful standard for computing the various elements of damage alleged in the plaintiff's petition, and in submitting these various elements of damage to the jury without giving any rule of law for determining them, but only instructed the jury on pain and suffering. Special ground 9 avers the court erred in failing to charge on the measure of damages for income lost prior to the trial, as sought by the plaintiff, and that the only limitation the court placed in its charge on damages was the enlightened conscience of the jury for the various elements of damages the plaintiff was claiming.

A reading of the instructions given shows the trial judge charged the substance of *Code* §§ 105-2001, 105-2004, 105-2005, 105-2006, and 105-2007. The only other charge given upon damages, in effect, instructed the jury that a person who has experienced mental pain and suffering, past and present, and would suffer so in the future, is entitled to have compensation fixed by an enlightened and impartial jury.

The defendant contends that there was no evidence to show the plaintiff's earning capacity was totally decreased, and a charge on this question was erroneous. In support of this view

the defendant cites *Western &c. R. v. Hart,* 95 Ga. App. 810 (6), 821 (99 SE2d 302), which holds that it is error to charge the jury on the right of the plaintiff to recover for decreased earning capacity where it appears from the evidence that the plaintiff, at the time of trial, was making more in the same work than at the time of his injuries. However, the uncontradicted evidence here does not bring this case within the rule of the *Hart* opinion, as the plaintiff testified that he was working on an easier job and working only part time.

Plaintiff argues that under *Union Central Life Ins. Co. v. Trundle,* 65 Ga. App. 553, 563 (15 SE2d 909), even though the instructions are erroneous and may mislead the jury, here the verdict is clearly supported by the evidence and therefore a new trial should not be granted. While that rule may be appropriate to some errors which may appear in a charge to a jury, its liberality does not extend to the situation we have here where the court failed to charge the jury upon the rules for ascertaining the various types of damages, some of which were unliquidated and one apparently liquidated.

While a diminution in one's *capacity to labor* may be recoverable as an element of pain and suffering (*Central of Ga. R. Co. v. Morgan,* 145 Ga. 656 (2), 658, 89 SE 760; and *City Council of Augusta v. Drawdy,* 75 Ga. App. 543, 43 SE2d 569), a diminution in one's *capacity to earn money* is a separate and distinct element of damages involving numerous considerations. Among these considerations are earnings before the injury, earnings after the injury, probability of increased or decreased earnings in the future (considering the capacity of the party), the effects of sickness and old age, and others.

In a case where the pleadings and evidence would authorize recovery for both pain and suffering and a diminution in one's capacity to earn money, the court must charge on both measures of damages. *City Council of Augusta v. Drawdy,* 75 Ga. App. 543, supra. Where the plaintiff claims damages for permanent injury, the failure to instruct the jury that it should take into consideration the diminution of earning capacity of the plaintiff in his declining years, although not requested by the defendant, is erroneous. *Atlantic C. L. R. Co. v. Thomas,* 83 Ga. App. 477 (7), 490, 491 (64 SE2d 301).

Furthermore, where different elements of damages are claimed for which there are dissimilar rules to be applied for their estimation, these varying rules should all be given in the charge to the jury, although there was no written request so to do. *Southern R. Co. v. O'Bryan,* 112 Ga. 127 (1) (37 SE 161); *Gainesville Transfer Co. v. Chandler,* 47 Ga. App. 409 (170 SE 558).

Here there are four varying kinds of damages sought. These are (1) loss of wages, (2) partial loss of earning capacity, (3) pain and suffering, and (4) special damages for medical expenses, etc. The court should have instructed the jury as to the rules governing the measure of each. Cf. *Hunt v. Williams,* 104 Ga. App. 442 (5a, b) (122 SE2d 149).

The trial court erred in overruling special grounds 6, 7, 8 and 9 of the amended motion for a new trial.

■ Special ground 10 contends the court erred in giving the following charge to the jury: "If you find in this case, gentlemen, that the plaintiff has suffered pain and mental or physical pain up to the present time. You could allow up to the present time. If you find that the injuries are such as will cause him future pain and suffering—mental and physical—then you would be authorized to allow compensation for such physical and mental pain and suffering. If you allow him an amount for any physical pain and suffering or mental pain and suffering, then you must reduce the amount to its present cash value figured at the rate of 7 percent per annum. He would also be entitled to compensation for any pain and suffering, if any, which you may determine he incurred as a direct and proximate result of the injury inflicted upon this occasion, such suffering as he may have suffered at the time and subsequent thereto up to the present time." It is maintained that this charge was highly prejudicial, and confused and misled the jury into believing they were authorized to award a double recovery to the plaintiff. We do not agree. It seems that the court's charge, while not perfect, is not erroneous as authorizing a double recovery of damages for mental and physical pain and suffering. If inaccurate, the charge was not erroneous on the ground assigned. Special ground 10 of the motion for new trial was properly overruled.

Since a new trial must be granted, it is not necessary to consider whether overruling the motion for new trial on the general grounds was erroneous.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*