### 41074. MITCHELL v. GAY.

868

SUBMITTED JANUARY 11, 1965—DECIDED JUNE 18, 1965.

*Vernon W. Duncan*, for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr., Scott S. Edwards, Jr.*, contra.

BELL, Presiding Judge. ■ Special ground 4 of the motion for new trial assigns error upon a portion of the court's instructions to the jury in that the court should have given in connection therewith further instructions to render complete and correct the charge given.

This portion of the instructions dealt with the effect of the negligence of the plaintiff, if any, upon her right to recover. In it the court charged, among other things, "If the plaintiff could have exercised ordinary care and avoided the consequence to herself by the defendant's negligence, if there was such, she would not be entitled to recover." Plaintiff complains that the charge given was erroneous and incomplete in that the court failed to instruct the jury that plaintiff's duty to exercise ordinary care to avoid the consequences of defendant's negligence would not arise until "after the alleged negligence of the defendant became apparent or should reasonably have been apparent."

The quoted charge is substantially in terms of *Code* § 105-603. It has been held that a charge on the avoidance doctrine in the language of the Code section is a complete and correct principle of law, though it does not specifically instruct the jury that the plaintiff's duty to use ordinary care to avoid the consequences of defendant's negligence does not arise until that negligence is apparent or the circumstances are such that a reasonably prudent person would apprehend defendant's negligence. *Collum v. Georgia R. &c. Co.*, 140 Ga. 573 (2) (79 SE 475) ; *Brown v.*

*Mayor &c. of Athens*, 47 Ga. App. 820 (4) (171 SE 730); *Crawford v. Western & A. R.*, 51 Ga. App. 150, 151 (179 SE 852). See also: *Howard v. Georgia R. &c. Co.*, 35 Ga. App. 273 (5) (133 SE 57); *Maner v. Dykes*, 55 Ga. App. 436, 441 (190 SE 189); *Oast v. Mopper*, 58 Ga. App. 506, 508 (4) (199 SE 249); *Bell v. Camp*, 109 Ga. App. 221, 224 (3) (135 SE2d 914).

If the plaintiff desired further amplification on the point of law charged, she should have submitted an appropriate written request for additional instructions.

This ground of the motion for new trial shows no error.

However, we wish to call to the attention of the trial judiciary the worthwhile recommendation of our esteemed and beloved colleague, the late Judge Robert L. Russell, who wrote that, "Because of the confusion which may easily result in a failure to distinguish to the jury between that failure to exercise ordinary care on the plaintiff's part which will bar his recovery and that which will diminish but not bar his right to damages, it is always the better practice to charge in connection therewith that the duty to exercise due care to avoid the consequences of the defendant's negligence does not arise until the negligence is apparent or would have been apprehended by the plaintiff in the exercise of reasonable diligence." *Wright v. Concrete Co.*, 107 Ga. App. 190, 198 (5) (129 SE2d 351).

■ Ground 5 objects to the following statement made by the court in defining and charging the jury upon proximate cause: "Where the negligence of a party, the defendant, is not the proximate cause of the injury, but the injury is traceable to the imposition of a separate and independent agency, the defendant cannot be held liable for the injury."

The extract, when viewed with the charge as a whole and particularly when considered with the portions given immediately in connection with it, is not an incorrect statement of law and was not inapplicable to the case.

There is no merit in this ground.

■ Ground 6 complains that the court erred in misstating one of defendant's contentions in charging the jury as follows: "Now, gentlemen, the defendant contends that any injury suffered by this plaintiff was brought about by her own failure to look out and by negligence on her part and he denies being

responsible for any negligence or any other damages claimed against him by the plaintiff." In fact, defendant in his answer did not make the contention that plaintiff's injury was caused "by her own failure to look out," nor is there extant in the record any evidence which might support this contention.

"A material misstatement of the contentions of the parties is prejudicial error . . . As a general rule a charge which misstates the contentions of the prevailing party, and tends to confuse the jury as to those contentions and as to the real issues in the case, in such a manner as would permit the prevailing party to recover [or to defend successfully] on a contention he did not make and not authorized by the evidence, necessitates the grant of a new trial." *City of Summerville v. Woodard*, 97 Ga. App. 662, 664-665 (2) (104 SE2d 507) and citations; *Porter v. Bland*, 105 Ga. App. 703, 705 (1) (125 SE2d 713); *Wheeler v. State Hwy. Dept.*, 106 Ga. App. 323, 324 (126 SE2d 808). The charge objected to in this ground was prejudicial error.

■ According to ground 7 the court erred in failing to charge the jury, either generally or in substance, *Code* § 105-401, which provides, "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe."

"The duty to keep the premises safe (not reasonably safe) exists as to all persons who for any lawful purpose come upon the premises at the express or implied invitation of the owner." *Knudson v. Duffee-Freeman, Inc.*, 99 Ga. App. 520, 526 (109 SE2d 339) and citations; *Findley v. Lipsitz*, 106 Ga. App. 24, 26 (1) (126 SE2d 299). See *Mandeville Mills v. Dale*, 2 Ga. App. 607, 610 (58 SE 1060). Without question plaintiff was an invitee on the defendant's premises and thus within the class of persons to whom this duty was owned by defendant. Plaintiff's petition alleged, and the evidence showed, certain unsafe conditions upon the premises, and therefore, the pleadings and evidence together authorized, and even required, that the court submit for the jury's consideration the issue whether by allowing these conditions to exist the defendant breached this duty to the plaintiff invitee. Indeed, this issue was the main theory upon which plaintiff sought to recover.

The court charged the jury as if the plaintiff had been a mere licensee, omitting to instruct the jury appropriately as to that passive negligence for which defendant would have been liable for injuries to an invitee. See Colonial Stores, Inc. v. Central of Ga. R. Co., 279 F2d (5th Cir.) 777, 780.

The omission of the instruction of the substance of *Code* § 105-401 in the charge was prejudicial error. On the trial of all cases it is the duty of the trial court to charge the jury the principles of law applicable to all issues raised by the pleadings and the evidence, even without request. *Claxton v. Claxton*, 214 Ga. 715, 719 (2) (107 SE2d 320); *Lincoln Life Ins. Co. v. Anderson*, 109 Ga. App. 238, 240 (136 SE2d 1).

■ Special grounds 8 and 9 complain that the court erred in failing to charge the substance of *Code* §§ 4-302 and 4-311 respectively, which pertain to a principal's liability for acts of his agent. The only acts of negligence alleged in plaintiff's petition were certain acts of omission by the defendant principal. Nowhere in her petition did plaintiff charge that the agent was negligent or that defendant was guilty of any act of negligence by and through his agent. Whether or not this issue was raised in the evidence, which we do not decide, makes no difference here. "The general rule is that a charge on legal principles must be adjusted to both the pleadings and the evidence . . . This rule, however, is qualified when there has been evidence submitted, without objection, relating to the same cause of action, which could have been authorized by an amendment to the pleadings. Under such circumstances, in civil cases, the judge is authorized, but not required without request, to charge upon the issue thus made by the evidence . . . Therefore, in the absence of an appropriate request, a failure of the court in its charge to present to the jury a contention of one of the parties not pertinent to any issue made by the pleadings is not a cause for new trial, though supported by some evidence in the record." *Collins v. Williams*, 202 Ga. 710, 717 (44 SE2d 799) and citations; *Wade v. Roberts*, 89 Ga. App. 607, 608 (1-b) (80 SE2d 728).

These grounds of the motion for new trial are without merit.

■ Ground 10 assigns error upon the court's exclusion from evidence of an agreement in writing between defendant and a

third party, under which defendant occupied as lessee the land where plaintiff was injured. Plaintiff's purpose in offering this documentary evidence was to show defendant's duty to "keep and maintain the said premises and appurtenances and every part thereof, in good order and repair" under one of the lease provisions. Defendant stipulated during trial of the case that he was in possession of the land where the injury occurred, and this fact was shown also by defendant's testimony upon cross examination. In this respect, whether or not the lease agreement was relevant to the issues of the case, it was merely cumulative to the stipulation and evidence showing conclusively the fact for which the agreement was offered. There is no reversible error in excluding evidence offered to prove a fact which is admitted or fully established by other evidence. See *City of Conyers v. Kirk & Co.*, 78 Ga. 480, 484 (4) (3 SE 442); *Hardee v. Tietjen*, 140 Ga. 527, 528 (1) (79 SE 117); *Kirkman v. Ashford*, 145 Ga. 452, 456-457 (3) (89 SE 411); *Schroeter & Bro. v. Slider*, 16 Ga. App. 522 (2) (85 SE 787); *Oxford v. Horsley*, 44 Ga. App. 821, 822 (2) (163 SE 284); *Louisville &c. R. Co. v. McCamy*, 72 Ga. App. 769, 773 (2) (35 SE2d 206); *Willis v. Midland Finance Co.*, 97 Ga. App. 443, 444 (1) (103 SE2d 185); *Choate v. Carter*, 98 Ga. App. 375, 379 (5) (105 SE2d 909). The common law duty of defendant, expressed in *Code* § 105-401, "to exercise ordinary care in keeping the premises and approaches safe" for invitees existed independently of the particular terms of the lease agreement between defendant and a third party. These terms did not create a duty to plaintiff as contended, and in this respect the evidence offered was totally irrelevant to any issue in the case.

■ Ground 11 of the motion for new trial complains that the court erred in restricting plaintiff's right to cross examine defendant's witness Mrs. David Allen.

While it is true that "The right of cross examination, thorough and sifting, shall belong to every party as to the witnesses called against him" (*Code* § 38-1705), yet this right is not unlimited, for "Cross examination must end somewhere." *Aycock v. State*, 62 Ga. App. 812, 815 (10 SE2d 84). Thus, the nature and extent of cross examination of a witness rest largely within the discretion of the trial judge. *Clifton v. State*, 187 Ga. 502, 508 (4)

(2 SE2d 102); *Pulliam v. State,* 196 Ga. 782, 788 (28 SE2d 139); *Western & A. R. v. Burnett,* 79 Ga. App. 530, 532 (54 SE2d 357); *Russell v. Bass,* 82 Ga. App. 659, 662 (62 SE2d 456). In this matter we cannot interfere with the discretion of the trial court unless discretion is manifestly abused. *Post v. State,* 201 Ga. 81, 84 (39 SE2d 1); *Haugabrooks v. Metropolitan Life Ins. Co.,* 63 Ga. App. 829, 835 (5) (12 SE2d 163); *Gordy v. Powell,* 95 Ga. App. 822, 827 (3) (99 SE2d 313). It is no abuse of the court's discretion to prevent needless repetition in the cross examination. *McLeod Bros. & Co. v. Wilson Bros.,* 108 Ga. 790 (1) (33 SE 851); *Alabama Constr. Co. v. Continental Car &c. Co.,* 131 Ga. 365, 367 (3) (62 SE 160); *McCartney v. McCartney,* 217 Ga. 200, 201 (6) (121 SE2d 785); *Western & A. R. v. Hart,* 95 Ga. App. 810, 818 (99 SE2d 302).

We have examined the record carefully with respect to this ground of the motion for new trial and conclude that the trial judge did not abuse his discretion in limiting the plaintiff's cross examination.

This ground is without merit.

■ Ground 12 complains that the trial judge expressed his opinion, in violation of *Code* § 81-1104, in the course of the trial. The judge's remark occurred as part of a colloquy between the court and counsel during closing argument. "Where the court, in a colloquy with counsel, makes remarks which are prejudicial or intimate an opinion upon the merits of the case, proper objection, or a motion for mistrial should be made at the time of the occurrence. In the absence of such objection, error cannot be assigned thereon for the first time in a motion for new trial." *Lumbermen's &c. Alliance v. Jessup,* 100 Ga. App. 518, 533 (5) (112 SE2d 337); *Darby v. McNelley,* 103 Ga. App. 570, 571 (2) (120 SE2d 153). This rule obtains where the remark which allegedly expresses or intimates the court's opinion occurs in the course of the trial elsewhere than in the charge to the jury. The plaintiff having failed to avail herself of a motion for mistrial on account of the allegedly offensive matter, this ground of the motion for new trial will not be considered. See also: *Moore v. McAfee,* 151 Ga. 270, 275-276 (11) (106 SE 274); *Royal Crown Bottling Co. v. Stiles,* 82 Ga. App. 254, 262-265 (3) (60 SE2d 815); *Head v. Pollard Lumber Sales,*

88 Ga. App. 757, 759 (2) (77 SE2d 827) ; *Flanigan v. Reville*, 107 Ga. App. 382, 383 (5) (130 SE2d 258) ; *Wood v. Hamilton*, 109 Ga. App. 608, 610 (2) (137 SE2d 61).

■ There is no merit in special ground 13, which contends the court erred in reading to the jury a paragraph of the plaintiff's petition and stating that the defendant denied the allegation. The defendant's denial of the allegations of this paragraph was not supported by any evidence, while the evidence tended to prove plaintiff's allegations. However, the defendant's contention as charged was virtually immaterial; and the status of the evidence was such that this charge, if erroneous, could not have misled the jury.

The general grounds of the motion were abandoned.

The judgment is reversed on special grounds 6 and 7 of the motion for new trial.

*Judgment reversed. Frankum and Hall, JJ., concur.*