46379. ROBINSON v. ALLEN et al.

BELL, Chief Judge. In this personal injury suit arising out of an automobile collision the plaintiff and the third-party defendant, who had counterclaimed against the defendant, third-party plaintiff, the appellant here, received jury verdicts in their favor. The appellant appeals from the judgment entered on these verdicts and from the order overruling his motion for new trial. *Held:*

1. Plaintiff testified that at the time of the collision he was employed as a metal worker for a newspaper at $75 a week; that as a result of his injuries received in the collision, he could no longer continue in this type of work and at the time of trial, more than three years after the collision, he was employed as custodial worker for the same newspaper. He also testified that he was familiar with the wage scales of a metal worker; that he would have had five years total service as a metal worker had he not been injured. Over objection the plaintiff was permitted to state that had he continued as a metal worker his weekly salary at time of trial would probably have been $140 or $145 per week. The evidence that plaintiff apparently had at least two years satisfactory service prior to the accident as a metal worker, and has continued to work for the same employer, plus his testimony as to his familiarity with a metal worker's wage scale provided a sufficient basis for the admission of this testimony. See *Camilla Cotton Oil &c. Co. v. Walker*, 21 Ga. App. 603 (94 SE 855).

2. The court charged the jury on diminished earning capacity due to permanent injury and instructed them to reduce future loss of earnings to its present value. Exception was taken on the

ground that the evidence revealed that both the plaintiff and the third-party defendant were making more money at the time of trial than before the collision and therefore diminished earning capacity was not in issue. In support of this view the appellant relies upon *Western & A. R. v. Hart,* 95 Ga. App. 810 (6) (99 SE2d 302) which holds that it is error to charge on the principal of diminished earning capacity when it appears from the evidence that at the time of trial, the plaintiff was making more in the same work than at the time of injury. With respect to the plaintiff no error of law has been shown. While it is true that he did testify that immediately prior to the collision he was earning $75 weekly and that at time of trial his wages had increased to $100 per week, it appears, from his testimony, as noted in Division 1, that he is now engaged in a different type of work and at a lower salary scale. See *Porter v. Bland,* 105 Ga. App. 703, 708 (125 SE2d 713). Therefore, as to the plaintiff, the evidence authorized the charge. Turning to the third-party defendant, this ground of error has merit. She testified that prior to the collision she was employed as a domestic earning $4.00 per day; that at time of trial she was doing the same type of work, earning $10 per day, and was employed for the same number of days per week as she was prior to the collision. This evidence is insufficient to authorize the instruction as to the third-party defendant, and brings her case squarely within the *Hart* rule. The judgment for the plaintiff is affirmed. The judgment for the third-party defendant is reversed.

*Judgment affirmed in part; reversed in part. Pannell and Deen, JJ., concur.*

SUBMITTED JUNE 28, 1971—DECIDED SEPTEMBER 8, 1971.

*Ross & Finch, Claude R. Ross, Ellis Ray Brown,* for appellant.
*E. Herman Warnock,* for appellees.